MORROW vs BURNEY.

Opinion Delivered June 12, 1899.

*1. Improvements on Real Estate—When Personal Property.*

Improvements, when placed upon real estate by a tenant under an agreement that when he left the place he could remove them, are personal property and the United States commissioner has jurisdiction of an action for damages for a wrongful removal or conversion of said improvements.

*2. U. S. Commissioner—Appeal.*

No appeal can be taken from a judgment for defendant for costs in a United States Commissioner's Court.

Appeal from the United States Court for the Southern District.

CONSTANTINE B. KILGORE, Judge.

Action by E. S. Burney against T. T. Morrow in United States commissioner's court. Judgment for defendant. Plaintiff appealed to the district court. From a judgment of that court for plaintiff, defendant appeals. Reversed and dismissed.

This action was brought before a United States commissioner, at Chickasha, by the appellee, E. S. Burney, against the appellant, T. T. Morrow, to recover the sum of $100 damages, alleging in his complaint that the appellant "did on or about the 9th day of January, 1896, without authority or permission from plaintiff, enter said premises (a farm south of and adjoining the old town of Fred, I. T.), and take therefrom, and carry away and appropriate to his own use and benefit, said dwelling house, granary, chicken house, and smoke house; that said defendant did enter said premises, and tear down and remove the fencing from said premises, and carry away and appropriate the same to his own use and benefit; that plaintiff, by reason of the loss and removal of said property from said premises, has been damaged in the sum of $100." Defendant answered orally, denying each allegation, and also denying the jurisdiction of the commissioner to hear and determine the cause. A trial was had before a jury in the commissioner's court, which returned a verdict in favor of the defendant (appellant here), and judgment was rendered against the appellee for costs, from which he, the appellee, took an appeal to the

United States court at Chickasha; the defendant there de-
murring to the plaintiff's complaint for the reason that the
court was without jurisdiction, the action being one to
recover damages for trespass to real estate, and that the
commissioner had no jurisdiction to entertain such an
action, and that the United States court had no jurisdiction
upon appeal. It does not appear that this demurrer was
ever acted upon, but the cause was tried anew in the United
States court, and verdict and judgment was had for the
plaintiff, E. S. Burney, for $100, and motion for new trial
was made by defendant, and overruled, and an appeal
prayed and allowed to this court.

*F. E. Riddle* and *E. M. Payne*, for appellant.

*Monical & Shepherd*, for appellee.

THOMAS, J. The first error assigned by the appel-
lant is that this was an action for trespass to real estate,
and that the United States commissioner did not have
jurisdiction to hear and determine it. From the testimony
incorporated in the bill of exceptions in this case, we can
only conclude that the improvements, for the value of which
this action was brought, were placed upon this claim near
Fred, in the Chickasaw Nation, by the appellant, Morrow,
under an agreement with one Campbell, a Chickasaw citizen
who owned the claim, that when he left or abandoned the
premises he could remove these improvements, or that
Campbell should pay for them. Campbell sold this claim to
the plaintiff and appellee, E. S. Burney. Neither Camp-
bell nor Burney, who succeeded Campbell as owner of the
claim, paid Morrow for these improvements, and he there-
fore removed them. If the bill of exceptions contained all
of the testimony, the trial court would, doubtless, have
directed the jury to return a verdict for the defendant, if it
had been requested; and, inasmuch as these improvements

were placed upon these premises by Morrow and the witness Frey, under an agreement with the owner of the claim, Campbell, that they could remove them when they left or abandoned the premises, or that he would pay for them, these improvements did not become a part of the real estate, but remained personal property, and the property of Morrow, and for that reason the United States commissioner had jurisdiction,—this being an action for conversion of personal property.

But did the United States court for the Southern district have jurisdiction to try this cause anew, on appeal from the United States commissioner? A verdict and judgment in favor of the defendant was had in the United States commissioner's court, and the plaintiff, E. S. Burney, appealed to the United States court. In the case of Hardware Co. vs Brittain, 2 Ind. Ter. 242 and in Baldwin vs Farris, 2 Ind. Ter.,438 not yet officially reported, both cases determined by this court, it was held that an appeal would not lie from a judgment of a United States commissioner in the Indian Territory "where the amount of the judgment, exclusive of costs, does not exceed twenty dollars." As an appeal did not lie from the judgment of the United States commissioner in this action, the United States court was without jurisdiction, and its judgment is reversed, and the action dismissed. Reversed and dismissed.

SPRINGER, C. J., and CLAYTON and TOWNSEND. JJ., concur.