BUTLER, ET AL. VS. PENN, ET AL.

Opinion delivered April 5, 1901.

*1. Jurisdiction—Appeals from Commissioners—Not Authorized unless Judgment Exceeds Twenty Dollars.*

Act of Cong. Mar. 1, 1895 authorizes appeals to be taken from United States Commissioners to the United States courts in the same manner as taken from justices of the peace in Arkansas; but also provides that no appeal shall be allowed in civil cases where the amount of the judgment, exclusive of costs, does not exceed twenty dollars. *Held*, that in a suit on a note determined in favor of the defendant therein, there is no judgment within the meaning of the above statute, from which an appeal can be taken, and the United States court for such District was without jurisdiction of the case on appeal.

Appeal from the United States court for the Central district.

YANCY LEWIS, Judge.

Action by S. B. Penn & Co. against Lem Butler and another. Judgment in favor of the plaintiffs. Defendants appeal. Reversed, with direction to dismiss the action.

This action is on a promissory note alleged to have been executed by appellants to appellee, dated May 16, 1896 for the sum of $150, with 10 per cent. interest. The action was begun in the United States commissioner's court, Central district, Durant division, where same was tried to a jury, which found a verdict for defendants, appellants. So far as the record discloses, no judgment was rendered in the commissioner's court on the verdict, but, assuming that proper judgment was entered, it would only have been for

costs against the plaintiffs. Plaintiffs appealed the case to the United States court for the Central district of the Indian Territory, sitting at Atoka, in which court the case was again tried to a jury, and in which court, under exceptions of appellants, the jury were instructed to return a verdict in favor of plaintiffs, appellees here, and against defendants, appellants here, in the sum of $150, which verdict was returned accordingly. Appellants filed motion for new trial, which was overruled by the court under exceptions of appellants. The court thereupon pronounced its judgment on the verdict in favor of appellees and against appellants in the sum of $150 and for interest and costs. From this judgment appellants prayed and were allowed an appeal.

*J. G. Ralls*, for appellants.

*W. L. Richards*, for appellees.

GILL, J.    The only point urged in this case by appellants, and necessary to be considered by this court, is one of jurisdiction. Did the United States court have jurisdiction to try the cause, it being an appeal from the United States commissioner's court, and there being no judgment in the cause, unless a judgment for costs? In the Act of March 1, 1895, congress provided that "appeals may be taken to the United States court in the Indian Territory in said districts, respectively, from the final judgment of said commissioners, acting as justices of the peace, in all cases; and such appeals shall be taken in the manner that appeals may be taken from the final judgments of the justices of the peace under the provisions of said chapter 91, in civil cases, *   *   *   of the Laws of Arkansas: provided, that no appeal shall be allowed in civil cases where the amount of the judgment in civil cases, exclusive of costs, does not exceed twenty dollars." Ind. T. Ann. St. 1899, c. 41.    In

the case at bar, if there was a judgment at all, certainly there was none which exceeded $20 exclusive of costs, and the district court was without jurisdiction on appeal to try the case. The question of jurisdiction may be properly raised in this court for the first time, but it is not the most commendable practice for attorneys to discover and raise questions of jurisdiction in this court for the first time, when, if raised in the court below at the time of presentation of the case, the necessity of an appeal to this court would probably not exist. This question was passed upon in this court in Morrow vs Burney, 2 Ind. T. 440 (51 S. W. 1078,) and other cases referred to therein. We are clearly of the opinion that the court below was without jurisdiction to try this cause, and therefore its judgment is reversed, and the cause remanded, with directions to dismiss the appeal from the commissioner's court.

CLAYTON, C. J., and THOMAS and TOWNSEND, JJ. concur.