LUCE vs GARRETT.

Opinion delivered October 4, 1901.

1.  *Appeal—From U. S. Commissioners—Jurisdictional Amount.*

Act of Cong. March 1, 1895, is unconstitutional in so far as it prohibits appeals from U. S. Commissioners in Indian Territory in cases other than those wherein a judgment has been rendered for an amount exceeding $20.00, as it is in violation of Art. 7, Amend. U. S. Const., reversing Hardware Co. vs Brittain, 2 Ind. Ter. Rep. 242; Morrow vs Burney, 2 Ind. Ter. Rep., 440 and Butler vs Penn, 3 Ind. Ter. Rep. 505.

2.  *Constitutional Law—Jury Trial.*

A trial before a jury, even of 12 men, in a Commissioner's Court, is not a trial by jury in the sense of the Seventh Amendment to the Constitution of the U. S.

Appeal from the United States Court for the Northern District.

JOSEPH A. GILL, Judge.

Action by D. C. Luce against J. R. Garrett. From an order dismissing the plaintiff's appeal from a judgment in favor of defendant, plaintiff appeals. Reversed.

This is an action brought by the appellant, originally before United States Commissioner Don Carlos, of the Northern district, wherein the plaintiff sought to recover of the defendant the sum of $98.85 on debt arising out of contract. After issue joined, a jury of six men was impaneled, and trial had, resulting in a disagreement of the jury, whereupon the jury was discharged, and the cause set for trial upon a future day. At the time set, another jury of six men was impaneled, who tried the case, and rendered a verdict in favor of the defendant. At both trials the plaintiff (appellant here) and his counsel were present, introduced proof, counsel argued the case, and no objections were made to the number of jurors composing the jury. The cause was appealed to the United States Court for the Northern district, at Vinita. In that court the defendant interposed a motion to dismiss the appeal on the ground that the amount of the judgment in the Commissioner's Court, exclusive of costs ,did not exceed the sum of $20. The court sustained the motion, dismissed the appeal, and the cause was regularly appealed to this court.

*Blue & Wilson*, for appellant.

*Davenport & Thompson*, for appellee.

CLAYTON, J. The act of congress of March 1, 1895, (28 Stat. 693; Ind. Ter. St. 1899, p. 18), among other things, provides "'that no appeal shall be allowed in civil cases (from a Commissioner's Court) where the amount of the judg-

ment, exclusive of costs, does not exceed twenty dollars." And this court has, in a number of cases heretofore decided, held that, where the judgment in a Commissioner's Court is for the defendant, awarding him nothing but costs, the case is not appealable. Hardware Co. vs Brittain, 2 Ind. Ter. Rep. 242, (48 S. W. 1067); Baldwin vs Farris, 2 Ind. Ter. Rep. 438, (51 S. W. 1077); Morrow vs Burney, 2 Ind. Ter. Rep. 440, (Id. 1078); Butler vs Penn, 3 Ind. Ter. Rep. 505, (61 S. W. 987). We are now asked to reyyerse ourselves, upon the ground that the act limiting the right of appeal in a Commissioner's Court to cases where the amount of the judgment is more than $20, exclusive of costs, is in violation of the constitution of the United States, which provides as follows: "In suits at common law where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rules of the common law." The Supreme Court of the United States, in the case of Traction Co. vs Hof, 174 U. S. 1, 19 Sup. Ct. 580, 43 L. Ed. 873, in a very elaborate and exhaustive opinion hold that a trial of a case at law in a court of a justice of the peace of the District of Columbia (and our commissioners have no greater jurisdiction) before a jury of 12 men, or any other number, is not a trial by jury, within the meaning of the seventh amendment to the constitution; that the right of appeal given by the statute, whereby the parties, at the conclusion of the trial before the justice, may, if they choose, go to a court having jurisdiction to impanel a jury, and there have their case tried de novo by a jury so impaneled, is a preservation to them of "the right to trial by jury," guarantied by the constitution. After a full review of the authorities, the court say: "The trial by jury allowed by the seventh section of the act of March 3, 1823, (3 Stat. 744), in a court of record, in the presence of a judge having the usual powers of superintending the course of the trial, instructing the jury on the law, and advising them on the facts, and setting aside

their verdict, if in his opinion, against the law or the evidence, was undoubtedly a trial by jury in the sense of the common law and of the seventh amendment to the constitution. But a trial by a jury before a justice of the peace, pursuant to sections 15 and 16 of the act, was of quite a different character. Congress, in regulating this matter, might doubtless allow cases within the original jurisdiction of a justice of the peace to be tried and decided in the first instance by any specified number of persons in his presence. But such persons, even if required to be twelve in number, and called a jury, were rather in the nature of special commissioners or referees. A justice of the peace, having no other powers than those conferred by ocngress on such an officer in the District of Columbia, was not, properly speaking, a judge, or his tribunal a court; least of all, a court of record. The proceedings before him were not according to the course of the common law. His authority was created and defined by and rested upon the acts of congress only. The act of 1823, in permitting cases before him to be tried by jury, did not require him to superintend the course of the trial, or to instruct the jury in matter of law; nor did it authorize him, upon the return of their verdict, to arrest judgment upon it, or to set it aside, for any cause whatever; but made it his duty to enter judgment upon it forthwith, as a thing of course. A body of men so free from judicial control was not a common-law jury; nor was a trial by them a trial by jury, within the meaning of the seventh amendment to the constitution. It was no more a jury, in the constitutional sense, than it would have been if it had consisted, as has been more usual in statutes authorizing trials by a jury before a justice of the peace, of less than twelve men. There was nothing, therefore, either in the constitution of the United States or in the act of congress, to prevent facts once tried by such a jury before the justice of the peace from being tried by a constitutional jury in the Appellate Court." The court further say: "Upon

the whole matter, our conclusion is that congress, in the exercise of its general and exclusive power of legislation over the District of Columbia, may provide for the trial of civil cases of moderate amount by a justice of the peace, or, in his presence, by a jury of twelve, or any less number, allowing to either party, where the value in controversy exceeds twenty dollars, the right to appeal from the judgment of the justice of the peace to a court of record, and to have a trial by jury in that court; that congress in every case where the value in controversy exceeds five dollars, has authorized either party to appeal from the judgment of the justice of the peace, although entered upon the verdict of a jury, to the Supreme Court of the District of Columbia, and to have a trial by jury in that court; that the trial by a jury of twelve, as permitted by congress to be had before a justice of the peace, is not, and the trial by jury in the appellate court is, a trial by jury, within the meaning of the common law, and of the seventh amendment to the constitution; that, therefore, the trial of facts by a jury before the justice of the peace does not prevent those facts being re-examined by a jury in the appellate court; that the right of trial by jury in the appellate court is not unduly obstructed by the provisions enlarging the civil jurisdiction of justices of the peace to three hundred dollars, and requiring every appellant to give security to pay and satisfy the judgment of the appellate court; that the legislation of congress upon the subject is in all respects consistent with the constitution of the United States; and that upon these grounds the judgment of the court of appeals quashing the writ of certiorari to the justice of the peace must be affirmed. The effect of so affirming that judgment will be to leave the claim of Hof against the Capital Traction Company open to be tried by a jury before the justice of the peace, and, after his judgment upon their verdict, to be taken by appeal to the Supreme Court of the District of Columbia, and to be there tried by jury on the demand of either party." United States

Commissioners for the Indian Territory, so far as their jurisdiction to try cases at law is concerned, are the same as justices of the peace in Arkansas. Act May 2, 1890, (26 Stat. 81; Ind. Ter. St. 1899, p. 7). They have exclusive original jurisdiction in matters of contracts where the amount in controversy does not exceed $100. But they have no power to impanel a jury of more than six men. Mansf. Dig. S. 4054; Ind. Ter. St. 1899, S. 2734. Pleadings before them may be oral, and without verification. Mansf. Dig. S. 4050; Ind. Ter. St. 1899, S. 2730. They are not required to instruct the jury on matters of law. They cannot, in a case tried by a jury, hear or grant a motion for a new trial. Mansf. Dig. S. 4072; Ind. Ter. St. 1899, S. 2755. Their control over a jury is not greater than justices of the peace for the District of Columbia. The constitution of the United States was directly extended over and put in force in this territory by the thrity-first section of the act of congress of May 2, 1890 (section 31, Ind. Ter. St. 1899), supra. A trial before a jury, even 12 men, in a commissioner's court, by this decision, which we are bound by, is not a trial by jury in the sense of the seventh amendment to the constitution of the United States; and, inasmuch as the amount in controversy in this case is more than $20, it is clear that the appellant, having the constitutional right of a trial by jury, and only being enabled by statute to secure that right by an appeal, is entitled to his appeal, and thereby to have his case tried by a jury in a court having the power to impanel a constitutional jury. And as this is a constitutional right, it cannot be taken away from him by statute. But the statute of March 1, 1895, makes the amount of the judgment, and not the amount in controversy, as provided by the constitution, the test. It is true that the constitution makes the right of a trial by jury depend upon the amount in controversy, and the statute the right of an appeal to depend upon the amount of the judgment; but inasmuch as, under the circumstances, a

legal jury trial can only be obtained through an appeal, an appeal, if applied for, must in all cases be granted where the amount in controversy exceeds $20. If the statute is to be followed, then, in all cases where the amount in controversy is more than $20 and the judgment less than that amount, the parties will be deprived of an important constitutional right, to wit, the right of a trial by jury of a cause in which, by the constitution, they are guarantied that right. It seems clear to us that the statute, in so far as it makes an appeal from a Commissioner's Court depend upon the amount of the judgment, rather than the amount in controversy, is unconstitutional and void; and we so hold. We lay down the law governing the trial of actions at law before United States Commissioners in this jurisdiction to be: First, that in all cases where a jury is demanded, a jury of six men shall be impaneled, unless the parties agree to try with a less number; and, second, that in all cases where the amount in controversy shall exceed $20, the parties shall be entitled to their appeal. So much of the following cases heretofore decided by this court as are in conflict with this decision are hereby overruled. Hardware Co. vs Brittain, Baldwin vs Farris, Morrow vs Burney, and Butler vs Penn, supra. For the reasons above stated, this case is reversed, and the cause remanded, with directions to the court below to overrule the motion to dismiss the appeal, and proceed with the trial of the cause.

TOWNSEND, C. J., and RAYMOND, J., concur.