ARCHARD vs FARRIS.

Opinion delivered September 25, 1902.

1.  *Appeal—Jurisdictional Amount—Constitutional Law—Trial by Jury.*
    Act of Cong. Mar. 1, 1895, Sec. 4, prohibiting appeals in cases where the
    amount of judgment does not exceed twenty dollars held to be un-
    constitutional as denying the right to trial by jury, affirming Luce
    vs Garr ett, 4 Ind. Ter. Rep. —.

Appeal from the United States Court for the Southern
District.

HOSEA TOWNSEND, Judge.

Action by P. Archard against Ed. Farris.  From a judg-
ment of the United States Court for the Southern district, dis-
missing an appeal from a judgment of the commissioner's court.
plaintiff appeals.  Reversed.

*Herbert & Cannon* and *S. C. Treadwell,* for appellant.

GILL, C. J.  This was an action for rent, begun before
the United States Commissioner's Court in the Southern district
at Tishomingo.  There was an affidavit for attachment, attach-
ment order, and certain crops attached.  The case was tried to a
jury in the Commissioner's Court, and the jury returned a verdict
for the defendant.  The case was appealed regularly to the
United States Court for the Southern district, where a motion
was interposed to dismiss the cause for want of jurisdiction.
Said motion was heard by the court, and the appeal was dis-
missed for want of jurisdiction by said court, because the judg-
ment of the United States Commissioner was for less than $20.

Exception was taken to this judgment of the court, supersedeas bond was given for the property, and the case appealed to this court.

The question turns upon the construction to be given to the act of congress of March 1, 1895 (Ind.T.Ann. St. 1899, Sec 48), providing: "That no appeal shall be allowed from the Commissioner's Court in civil cases where the amount of judgment, exclusive of costs, does not exceed twenty dollars." This court has heretofore held both ways upon this proposition, and at the sitting of this court in October, 1901, the question is extensively and ably considered by the court, through Justice Clayton, and it is held that this statute is in violation of the constitution of the United States amendment (article 7), guarantying the right of trial by jury in suits at common law where the value in controversy exceeds $20. We adopt in this case the reasoning of the court in that case, and hold that the judgment of the court below was erroneous. The appeal should not have been dismissed, but should have been entertained, and tried in the court below. Under the decision in Luce vs Garrett, 4 Ind. Ter. Rep. —(64 S. W. 613), the case is reversed, and remanded, with directions to reinstate the case, and allow it to proceed regularly.

Reversed and remanded.