MISSOURI, KANSAS & TEXAS RAILWAY CO., vs PHELPS.

Opinion delivered September 23, 1903.

1. *Mayor's Courts—Jurisdiction—Similar to U. S. Commissioners.*
    Under Act of Cong. May 2, 1900, and Act, June 28, 1898, Mayor's
    courts and U. S. Commissioner's courts in Indian Territory have
    equally the jurisdiction of Justices of the Peace courts in Arkansas.

2. *U. S. Commissioners Courts—Appeal—Jurisdictional Amount.*
    Act of Cong. Mar. 1, 1895, providing that no appeals shall be taken
    in civil cases where the amount of the judgment, exclusive of costs,
    does not exceed twenty dollars, is unconstitutional, as denying the
    right to trial by jury.  And appeals are governed by Sec. 4134
    Mansf. Dig. (2814 Ind. Ter. Stat.) without reference to amount of
    judgment or amount in controversy.

Appeal from the United States Court for the Central
District.

W. H. H. CLAYTON, Judge.

Action by Harvey Phelps against the Missouri, Kansas
& Texas Railway Company.  Judgment for plaintiff.  Defendant
appeals.  Reversed.

This case has heretofore been decided in this court,
sustaining the action of the court below in dismissing the appeal,
following the case of Luce vs Garrett 4 Ind. Ter. Rep. (64 S. W.
613), and we are now asked to rehear the case, and are of opinion
that the case ought to be reheard and redecided.

STATEMENT OF CASE.

On May 9, 1901, the transcript of the mayor of the town
of Caddo, Ind. Ter. was filed in this case, which transcript con-

tained the complaint of plaintiff and answer of the defendant, summons, subpœna for witnesses, venire of the jury, verdict of the jury, judgments and proceedings before said mayor, and defendants' affidavit and bond for appeal. The complaint alleged that on March 17, 1901, the defendant, or defendant's employes, negligently and carelessly run over and killed one red heifer, the property of plaintiff, of the value of $18. Said heifer was negligently killed about one-half mile north of the station of the town of Caddo, and plaintiff asks judgment for $18 and costs. The answer denies all the allegations of the complaint, and says: "That, if said animal of the plaintiff was killed, it was not through any negligence or carelessness on the part of this defendant, or any of its agents, servants, or employes, but that the killing was solely due to the carelessness and negligence of the said plaintiff." The verdict in the transcript is as follows: "We, the jury impaneled and sworn in the above-styled case, find the issues in favor of the plaintiff, and assess his damages at $15." Upon which verdict the said mayor rendered judgment against defendant, and defendant appealed to the district court of the Central District. On September 11, 1901, in the district court, plaintiff moved to dismiss the said appeal as follows: "Motion to Dismiss. Comes now the plaintiff herein, Harvey Phelps, and moves the court to dismiss the appeal of the defendant, the Missouri, Kansas & Texas Railway Company, for the reason that the above-styled court has no jurisdiction of the said appeal, the amount in controversy and the judgment therein being the amount of only $15." On September 23, 1901, said motion to dismiss was sustained, from which decision of the court appeal was allowed and taken to this court.

Clifford L. Jackson, for appellant. Chas. E. McPherren, for appellee.

GILL, C. J. Appellant has filed two specifications of error, as follows: "(1) The court erred in sustaining the motion

to dismiss the appeal in this case. (2) ˙The court erred in dismissing the appeal from the mayor's court in ˙this case." It is conceded˙by both appellant and appellee in this case, and it is the law, that mayor's courts and United States commissioners' courts were established in the Indian Territory by act of May 2, 1890, and given equally the jurisdiction of justices of the peace courts of Arkansas. Ind. Ter. St. 1899, p. 9, § 31;. Id. p. 13, § 39; Id. p. 138, § 567; Act June 28, 1898, c. 517, § 14, 30 Stat. 499 (Ind. Ter. St. p. 31, § 57z4). The statute concerning appeals from United States commissioners' courts was adopted by Act Cong. March 1, 1895, c. 145, § 4, 28 Stat. 696 (Ind. Ter. St. 1899, § 48), and reads as follows: "Appeals may be taken to the United States Courts in the Indian Territory in said districts, respectively, from the final judgment of said commissioners acting as justices of the peace, in all cases; and such appeals shall be taken in the manner that appeals may be taken from the final judgments of justices of the peace under the provisions of said chapter 91, in civil cases, and chapter 46, in criminal cases, of the Laws of Arkansas. Provided, that no appeal shall be allowed in civil cases where the amount of the judgment exclusive of costs does not exceed twenty dollars." Theretofore appeals lay as provided in Mansf. Dig. § 4134 (Ind. Ter. St. 1899, § 2814). Heretofore this court, in numerous cases, has passed upon this section of the statute, namely, in Hardware Co. vs Brittain, 2 Ind. Ter. Rep. 242 (48 S. W. 1067); Baldwin vs Farris, 2 Ind. Ter. Rep. 438, (51 S. W. 1077); Morrow vs Burney, Id. 440; Butler vs Penn, 3 Ind. Ter. Rep. 505 (61 S. W. 987); and sustained the section and action of the lawer court in dismissing appeals on the ground that the judgment did not exceed twenty dollars. In Luce vs Garrett, 4 Ind. Ter. Rep. (64 S. W. 613), the holding theretofore by this court on said section was reversed, on the ground that the act limiting the right of appeal in commissioner's courts to cases where the amount of the judgment does not exceed $20,

exclusive of costs, is in violation of the Constitution of the United
States.    In this last case the action was brought for the sum of
$98.85 on a debt arising out of contract.    The verdict of the
jury was in favor of the defendant.    In the progress of the opinion
rendered by Judge Clayton, the following language is used:
"But the statute of March 1, 1895, makes the amount of the
judgment, and not the amount in controversy, as provided by
the Constitution, the test.    It is true that the Constitution
makes the right of a trial by jury depend upon the amount in
controversy, and the statute the right of an appeal to depend
upon the amount of the judgment; but, inasmuch as, under the
circumstances, a legal jury trial can only be obtained through
an appeal, an appeal, if applied for, must in all cases be granted where
the amount in controversy exceeds twenty dollars.    If the statute
is to be followed, then in all cases where the amount in contro-
versy is more than twenty dollars and the judgment less than
that amount the parties would be deprived of an important
constitutional right, to wit, the right of a trial by jury of a cause
in which, by the Constitution, they are guaranteed that right.
It seems clear to us that the statute, in so far as it makes an
appeal from a commissioner's court depend upon the amount
of the judgment rather than the amount in controversy, is un-
constitutional and void, and so we hold."    See, also, Dennee
vs McCoy, 4 Ind. Ter. Rep. (69 S. W. 859).    It will follow, then,
that if the proviso of the statute which refuses to allow an appeal
where the amount of the judgment, exclusive of costs, does
not exceed $20, is unconstitutional and void, that then we are
relegated at once to chapter 91 of Mansfield's Digest (chapter
41, Ind. Ter. St. 1899), regulating appeals from justices of the
peace, containing no limitations whatever as to amount, whether
of demand or judgment, and which reads as follows: "Any per-
son aggrieved by any judgment rendered by a justice of the
peace, except a judgment of dismissal for want of prosecution,
may, in person or by his agent, take his appeal therefrom to

the circuit court." Mansf. Dig. § 4134 (Ind. Ter. St. 1899, § 2814.) Consequently, no amount whatever is fixed by law as limiting appeals from justices of the peace in Arkansas, and we are of opinion, and hold in this case, for the reasons assigned in Luce vs Garrett, supra, that the proviso, to the act of March 1, 1895, limiting the right of appeal from commissioners' and mayors' courts, in civil cases, where the amount of judgment, exclusive of costs, does not exceed $20, is unconstitutional and void; and we are further of opinion and hold that section 4134, Mansf. Dig. (Ind. Ter. St. 1899, § 2814), providing for appeals from judgments of justices, without reference to the amount of judgment or amount in controversy, obtains and is the law in Indian Territory, and that the judgment of the court below in sustaining the motion to dismiss the appeal in this case is error, and should be reversed, and the case remanded, with directions to overrule the motion to dismiss the appeal, and allow it to proceed regularly upon its merits.

Reversed and remanded.

RAYMOND and TOWNSEND, JJ., concur.