## BAKER v. MARCUM & TOOMER.

No. 891, Ind. T.    Opinion Filed September 10, 1908.

(97 Pac. 572.)

1.    **COURTS—Mayor's Courts—Civil Jurisdiction.**  Mayors of incorporated towns and cities in the Indian Territory, under section 57z4, Ind. T. Ann. St. 1899, had jurisdiction in all civil cases arising within the corporate limits of such cities and towns, coextensive with the jurisdiction of United States commissioners.

2.    **SAME—Appeals.**  An appeal from the mayor's court of an incorporated town or city in the Indian Territory could be taken to the United States Court for the district in which the mayor's court was situated.

3.    **APPEAL AND ERROR—Review—Objections Not Raised Below.**  This court will not consider questions that do not go to the jurisdiction of the trial court that are raised for the first time in this court.

(Syllabus by the Court.)

*Error from the United States Court for the Western District of the Indian Territory, at Muskogee; Wm. R. Lawrence, Judge.*

Action by Marcum & Toomer against H. G. Baker.  From a judgment for plaintiffs, defendant brings error.  Affirmed.

This is an action *ex contractu*, brought in the mayor's court of the city of Muskogee, in which court judgment for the sum of $200 was obtained in favor of defendants in error, hereinafter called "plaintiffs," against the plaintiff in error, hereinafter called "defendant."  From the judgment of the mayor's court appeal was taken to the United States Court for the Western District of the Indian Territory at Muskogee, in which court the case was tried *de novo,* and judgment again rendered in favor of plaintiffs.  From this judgment appeal was taken to the United States Court of Appeals of the Indian Territory at South McAlester, and the case is now before this court for final disposition under the provisions of the Enabling Act.

*Carl Pursel* and *N. R. Haskell,* for plaintiff in error.
*W. F. Schuermeyer,* for defendant in error.

HAYES, J.   Only one proposition is presented to this court by the appeal in this case, and that is whether the mayor's court had jurisdiction of the case.   It is the contention of defendant that the mayor's court was without jurisdiction and that the judgment therein was void, from which no appeal would lie, for the reason that the statute conferring upon mayor's courts of the Indian Territory jurisdiction in civil cases coextensive with the jurisdiction of the United States commissioners was violative of the Constitution of the United States and void.   Able counsel for defendant in a very exhaustive brief have reviewed the various provisions of the statutes enacted by Congress that attempted to confer jurisdiction in certain civil cases upon mayors' courts in the Indian Territory; but it is not necessary for us to consider any of these acts, or the provisions thereof, other than that portion of section 57z4, Ind. T. Ann. St. 1899, which reads:

"That mayors of such cities and towns, in addition to their other powers, shall have the same jurisdiction in all civil and criminal cases arising within the corporate limits of such cities and towns as, and coextensive with, United States commissioners in the Indian Territory, and may charge, collect and retain the same fees as United States commissioners now receive and account for to the United States.   *   *   *"

It is not contended that the language of this provision is inadequate to confer upon mayors of cities and towns of the Indian Territory such civil jurisdiction as United States commissioners have, but that the provision is violative of the Constitution of the United States, and void, for the reason that the procedure in civil cases before the United States commissioners and the character of said courts were governed and determined by chapter 91 of Mansfield's Digest of the Statutes of Arkansas, extended in force in the Indian Territory (Ind. T. Ann. St. 1899, c. 41), governing procedure in courts of the justices of the peace, and for the reason that under such chapter no trial before a common-

law jury could be had in the United States commissioners' courts, and, since the same chapter governs the mayor's court, such trial could not be had in the mayor's court. Defendant further contends that there was no appeal from the judgment of mayors' courts to the United States Court in the Indian Territory, and that therefore, since a person sued in the mayor's court could not have obtained in such court a trial by common-law jury, and since there was no provision for an appeal from the judgment in the mayor's court, said statute conferring jurisdiction upon the mayors' courts in civil cases deprived one sued therein of the right guaranteed by the seventh amendment to the Constitution of the United States.

The sole ground upon which the constitutionality of said section 57z4 is attacked is that it confers jurisdiction upon a court in which a trial by a common-law jury cannot be had and from which there is no appeal, and that the fact that there is no appeal renders it unconstitutional. But this contention cannot be well taken. The United States Court of Appeals of the Indian Territory, in the case of *Railway Co. v. Phelps,* 4 Ind. T. 706, 76 S. W. 285, held that an appeal may be taken from the judgment of a mayor's court in incorporated towns and cities of the Indian Territory to the United States courts, and the rule announced by the court in that case was followed by the same court in *Railway Co. v. Joyce,* 5 Ind. T. 24, 76 S. W. 1104, and in *Railway Co. v. Pickens,* 5 Ind. T. 26, 76 S. W. 1104. This had become the settled construction of the statute in the Indian Territory, and no good reason has been called to the attention of this court why the rule announced by the court in those cases should be overruled.

The transcript of the record in the case at bar from the mayor's court, filed on appeal in the United States Court for the Western District of Muskogee, was certified by W. W. Momyer, acting mayor of the city of Muskogee, and the copy of the judgment contained in the transcript recites that "the mayor, F. B. Fite, being absent, the case was heard by W. W. Momyer, acting

mayor. Neither party' demanding a jury, the court proceeded to try the issues joined. * * *" Section 564, Ind. T. Ann. St. 1899, provides:

"Whenever the mayor of an incorporated town or city of the second class is unable to perform the functions of his office, or is absent and cannot be obtained, the recorder of said incorporated town or city of the second class shall be authorized and empowered to perform the functions of a magistrate during the disability or absence of said mayor, with all the power and jurisdiction of said mayor, to all intents and purposes whatever."

The city of Muskogee was a city of the second class at the time of the trial of this suit in the mayor's court, and under this section, when the mayor was absent and could not be obtained, the city or town recorder was clothed with all the powers and jurisdiction of the mayor. One of the powers conferred upon the mayor by section 57z4, *supra*, was to hear and determine civil actions, concurrent with the jurisdiction of United States commissioners. It follows that, in the absence of the mayor, the city recorder of Muskogee had authority, acting as mayor of the city, to hear and try the case at bar. But the transcript of the record from the mayor's court does not disclose that W. W. Momyer was the recorder of the city of Muskogee. No objection was made at the trial in the mayor's court, so far as the record discloses, that Momyer was not the city recorder, and that he was without authority to act as mayor during the absence of the mayor; nor was such objection made in the United States Court, to which the case was appealed. It is made for the first time in this court, and it is not affirmatively made here. We are asked to presume that he was not recorder, and accordingly not authorized to act as mayor, for the reason that the record fails to disclose affirmatively that he was the recorder. The statute does not specify that the recorder shall style himself or be styled as an "acting mayor" while he exercises the powers and functions of the mayor in the absence of the mayor: but such in fact he is under the law. The mayor is a judicial officer of the mayor's

court. In his absence the recorder fills his place and exercises the judicial functions and powers conferred upon the mayor.

Our attention has been called to many authorities holding that the transcript from the justice court on appeal must affirmatively show that the justice court had jurisdiction; but these authorities are not applicable to the question here raised. The record in this case does affirmatively show that the amount in controversy is within the jurisdiction of the mayor's court, and that summons was issued and served upon defendant, and that he appeared and defended at the trial. It clearly appears that the mayor's court had jurisdiction both of the subject-matter of the action and of the parties thereto; but the objection raised, and for which a reversal of this case is urged, is that the record does not show that the person who presided as mayor did so with authority, and that we must therefore presume that he did not have authority. This question does not go to the jurisdiction of the mayor's court, but goes to the right and authority of the person who acted as the judicial officer of that court in the trial of the case at bar. If he was without authority to act as mayor, then the judgment of the mayor's court would be invalid, but not for the reason that the mayor's court had not jurisdiction of the subject-matter of the action or of the parties thereto. It is not a question of jurisdiction, and therefore, when defendant failed to raise this question in the United States Court for the Western District at Muskogee, to which court the case was appealed and tried *de novo,* he waived it, and cannot be heard to urge it for the first time in this court.

*Smith v. Maberry,* 61 Ark 515, 33 S. W. 1068, is a case in which the facts are not exactly similar to those in the case at bar, but in which the court applied a principle that we think should be applied in this case. In that case the transcript of the record from the justice court failed to disclose that any judgment had been rendered in the justice court, or that any affidavit for appeal from the justice court to the circuit court had been made. The case proceeded to a trial *de novo* in the circuit court,

and on appeal from that court to the Supreme Court appellant for the first time urged that the circuit court was without jurisdiction to hear and determine the cause by reason of such defect in the record. Although the Supreme Court of Arkansas had repeatedly held that failure to file an affidavit for an appeal from a judgment in a justice court as required by statute is ground for dismissal of the appeal in the circuit court, it held in that case that, since the justice court had jurisdiction, the failure of appellee to object in the circuit court to the failure of the record to show that a valid judgment had been rendered in the justice court, or that an affidavit for appeal had been filed, waived such objection. We think the reasoning and the rule of the court in that case applies to the case at bar.

*Petty v. Durall* (Iowa) 4 G. Greene, 120, is a case that was tried in the trial court by a special judge, who served as such under an agreement of the parties to the action, when the law and the Constitution of Iowa provided that special judges should be elected. On appeal the case was reversed on account of such irregularity, but on motion to dismiss the appeal, for the reason that the special judge was without jurisdiction to act, the court held that the judgment of the trial court was *coram non judice,* but still it was a judgment from which an appeal would lie, and refused to dismiss the appeal.

Defendant in the case at bar, without objecting in the court below to the authority of the person who tried the case in the mayor's court as acting mayor, proceeded to a trial of the case *de novo* both on questions of law and fact, and he has had a trial of the same before a jury as provided by law in a court that had original jurisdiction of the case, and we think there is no error properly presented to this court for which the case should be reversed.

It is therefore ordered that the judgment of the lower court be affirmed.

All the Justices concur.