## CLARK v. FARMERS' STATE BANK.

No. 4119.   Opinion Filed May 11, 1915.

Rehearing Denied July 6, 1915.

(149 Pac. 1189.)

1.  **APPEAL AND ERROR—Objection Below—Nonjurisdictional Errors.** Errors not raised in the trial court will not be considered on appeal, when they do not go to the jurisdiction of the court.

2.  **SAME—Necessity—Waiver of Error.** When the defect is not challenged by demurrer, or objection to the introduction of testimony, and not assigned as error in the motion for a new trial, it will be treated as waived.

(Syllabus by Mathews, C.)

*Error from County Court, Woods County;*
*W. M. Bickel, Judge.*

Action by the Farmers' State Bank, a corporation, against E. R. Clark. Judgment for plaintiff, and defendant brings error. Affirmed.

*E. W. Snoddy,* for plaintiff in error.

*C. H. Mauntel,* for defendant in error.

Opinion by MATHEWS, C. 1. Defendant in error filed this action in the county court against the plaintiff in error for the conversion of certain personal property, and plaintiff in error complains for the first time in this court that the petition was fatally defective in not containing the allegation "that plaintiff was entitled to the possession of the property alleged to have been converted." It is apparent that the petition contains all the necessary allegations for pleading a good cause of action for conversion, except it fails to state the plaintiff was entitled to the possession of the property converted.

2.  There can be no contention. over the proposition that a petition for the conversion of personal property should show that plaintiff was in actual possession of the property at the time of the conversion, or, if not in possession, that he was entitled to the immediate possession of the property.  38 Cyc. 2068; *Paine et al. v. British Butte Mining Co.*, 41 Wash. 28, 108 Pac. 12; *Kennett v. Peters et al.*, 54 Kan. 119, 37 Pac. 999, 45 Am. St. Rep. 274; *Citizens' Bank v. Tiger Tail Mill Co.*, 152 Mo. 145, 53 S. W. 902.

No demurrer was filed against the petition; this defect was not challenged by the objection to the introduction of testimony, and was not assigned as error in the motion for a new trial, and is raised for the first time in the petition in error filed in this court.  The omission of the allegation complained of makes the petition merely defective, and in no sense can be said to be jurisdictional, and the plaintiff in error, in failing to urge the objection in the trial court, has waived it and cannot take advantage of it now.

There is no rule of this court better settled than that errors not raised in the trial court will not be considered on appeal, when they do not go to the jurisdiction of the court.  *Baker v. Marcum and Toomer*, 22 Okla. 21, 97 Pac. 572; *Healy v. Loofbourrow*, 2 Okla. 458, 37 Pac. 823; *Weaver v. Kuchler*, 17 Okla. 189, 87 Pac. 600.

For the reasons stated, the judgment of the lower court will be affirmed.

By the Court:  It is so ordered.