## COLLINS v. WAY.

No. 10638—Opinion Filed Dec. 12, 1922.

Rehearing Denied Jan. 23, 1923.

(Syllabus.)

### 1. Appeal and Error—Reserving Grounds of Review—Defective Pleading.

A defect in the petition cannot be raised for the first time in the Supreme Court where not challenged by demurrer or objection to the introduction of testimony below and not assigned as error in either the motion for a new trial or the petition in error filed in this court.

### 2. Appeal and Error—Briefs—Sufficiency.

In causes appealed to the Supreme Court wherein it is asked that the action of the trial court be reversed for insufficiency of the evidence and for alleged errors by the trial court for wrongful findings from the evidence, it is necessary for the appellant to comply with the requirements of rule No. 26 of the Supreme Court in preparation of briefs; otherwise the assignment not so supported, may, in the discretion of the court, be ignored.

### 3. Appeal and Error—Change of Theory of Case.

The question of the statute of frauds was not presented nor urged in the trial court, neither was it mentioned therein in any manner, nor was it relied upon in said court by the defendant for a defense. This court, therefore, will not consider this question when presented and urged by the defendant upon this court for the first time on appeal.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by J. M. Way against J. M. Collins. Judgment for plaintiff, and defendant brings error. Affirmed.

Bridges & Vertrees, for plaintiff in error.

Hays Dillard, Green & Pruet, and J. H. Harper, for defendant in error.

KANE, J. This was an action for damages for breach of a written instrument, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below.

Upon trial to the jury there was verdict in favor of the plaintiff, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

At the threshold of the case, counsel for defendant in error say that neither brief of counsel for plaintiff in error nor the record before us presents any question for review fol the following reasons:

(1) The brief was not prepared in accordance with rule 26 of the Supreme Court (47 Okla. x).

(2) Although the sufficiency of plaintiff's petition is suggested in argument in this court, it does not appear that the same was assailed below by demurrer or by objection to the introduction of evidence upon the ground that it failed to state facts sufficient to constitute a cause of action.

(3) Although the sufficiency of the evidence to sustain the verdict was questioned in argument in this court, it does not appear that it was challenged below by demurrer or motion to direct a verdict.

All of these objections seem to be well taken. Among other things, rule 26 of the Supreme Court provides in substance as follows:

The brief of plaintiff in error shall contain an abstract or abridgment of the transcript, setting forth the material parts of the pleadings, proceedings, facts and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made in this court. The brief shall contain the specifications of errors complained of, separately set forth and numbered; the argument and authorities in support of each point relied on, in the same order.

There is no attempt on the part of counsel for plaintiff in error to comply with this part of the rule.

On the next proposition the record discloses that the plaintiff in error did not demur to the petition or except or in any manner object to it in the court below, but filed answer and joined issue on each allegation in the petition; neither did he object to the introduction of evidence on the ground that the petition did not state facts sufficient to constitute a cause of action, but waived each of these matters and joined issue with the plaintiff on the petition and the evidence offered at the trial.

The record also discloses that neither the motion for a new trial nor the assignments of error in the petition in error in this court contain an assignment of error to the effect that the petition does not state facts sufficient to constitute a cause of action.

There is authority to the effect that a defect in pleading will be deemed waived where not challenged by demurrer, or objection to the introduction of testimony, and not assigned as error in the motion for a new trial. Clark v. Farmer's State Bank, 48 Okla. 592, 149 Pac. 1189. And there is also authority to the effect that an objection that a petition does not state a cause of action may be urged for the first time on appeal. Perry v. Snyder, 75 Okla. 24, 181 Pac. 147.

Assuming that the latter case states the rule correctly, still the record before us does not fall within its purview. Both the statute law (section 5238, Revised Laws 1910) and the rule of court hereinbefore referred to require the plaintiff in error to file in the Supreme Court a petition in error setting forth the errors complained of.

Although the plaintiff in error has filed a petition in error containing his specifications of error, he does not complain in either his motion for a new trial or his petition in error that the petition of the plaintiff fails to state facts sufficient to constitute a cause of action.

The only place where this question is adverted to is by way of argument in the brief filed in this court, and this argument does not purport to be directed to any particular specification of error contained either in his motion for a new trial or in his petition in error.

In these circumstances we think we are well within the authorities in holding that a defect in the pleadings cannot be raised for the first time in the Supreme Court where not challenged by demurrer or objection to the introduction of testimony below

and not assigned as error in either the motion for a new trial or in the petition in error filed in this court.

The remaining contentions of counsel for plaintiff in error seem to center around the proposition that the evidence was insufficient to sustain the judgment rendered because the contract sued upon was one which the statute of frauds required to be in writing and the evidence produced at the trial tended to vary the terms of the written contract.

We think this contention is untenable for several reasons.

In the first place counsel for plaintiff in error have not complied with that part of rule 26 which provides that: Where a party complains on account of the omission or rejection of testimony, he shall set out in his brief the full substance of the testimony to the admission or rejection of which he objects, stating specifically his objection thereto.

It is well settled that in causes appealed to the Supreme Court wherein it is asked that the action of the trial court be reversed for insufficiency of the evidence, and for alleged error by the trial court for wrongful findings from the evidence, it is necessary for the appellant to comply with the requirements of rule No. 26 of the Supreme Court in preparation of brief; otherwise the assignment not so supported, may, in the discretion of the court, be ignored. Skelly Oil Co. v. Globe Oil Co., 82 Okla. 214, 200 Pac. 537.

In the second place the error complained of was not properly saved by demurrer to the evidence or by a motion for a directed verdict. The case of Render v. Lillard, 61 Okla. 206, 160 Pac. 705, seems to be decisive of the case on both of the propositions argued by counsel. The facts and the conclusions of the court in that case are stated in the opinion as follows:

"Defendant did not demur to the petition of plaintiff on the ground that the contract was within the statue of frauds or on any other ground. He did not plead the statute of frauds in his answer. He did not object to the introduction of evidence under the petition of the plaintiff on the ground that no cause of action was stated, or on the ground that the contract was within the statute of frauds. He did not object to the testimony of plaintiff when testifying regarding the verbal contract, nor move to strike the same out on any ground or for any reason. After the evidence was all in and established, as now claimed by defendant, that the contract was within the statute, he did not demur thereto or move the court for a directed verdict. He requested no instructions on any ground, and took no exceptions to the instructions given by the court, which presented to the jury but one question, and that was whether or not the plaintiff entered into the contract alleged Held, that this constituted a plain waiver of the statute."

For the reasons stated, the judgment of the trial court is affirmed.

JOHNSON, McNEILL, MILLER, KENNAMER, and NICHOLSON, JJ., concur.