## NOLAN v. CLIFT.

No. 12387—Opinion Filed Feb. 5, 1924.

1. Appeal and Error—Review — Verdict Within Issues.

Where suit is brought to recover a money judgment, together with interest thereon, a verdict returned, which does not exceed

the amount sued for and interest thereon at the date of rendering the verdict, is within the issues, and will not be disturbed on that ground in the Supreme Court.

## 2. Same—Insufficiency of Evidence—Absence of Abstract in Brief.

Where a judgment is sought to be reversed on an assignment of error that the evidence is insufficient to support the verdict and that said verdict was rendered through prejudice and passion of the jury, such assignment may be ignored when the appellant fails to comply with Rule 26 of this court (87 Okla. xxiii, 165 Pac. ix) by abstracting the evidence in his brief.

## 3. Appeal and Error—Harmless Error—Rulings on Evidence.

The improper admission or rejection of evidence, if not prejudicial to the party complaining, is not ground for reversal.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Grant County; J. W. Bird, Judge.

Action by John Clift against John Nolan. Judgment for plaintiff, and defendant brings error. Affirmed.

J. B. Drennan, for plaintiff in error.

Bellatti & Brown, for defendant in error.

Opinion by JARMAN, C. This action was commenced in the district court of Garfield county by John Clift, defendant in error, plaintiff below, against John Nolan, plaintiff in error, defendant below, to recover for feed furnished and labor performed in taking care of a bunch of cattle from November 18, 1918, to January 22, 1919. The cause was submitted to a jury, who returned a verdict for the plaintiff for $1,079.50, on which judgment was rendered, and the defendant brings error.

The first assignment of error urged by the defendant is that the amount of the verdict for which judgment was rendered is more than the amount sued for. The amount for which the plaintiff sought judgment in his petition is $1,048.80, with interest at six per cent. from January 22, 1919, the date the plaintiff alleges said amount became due. The plaintiff not only sought judgment for the amount of money claimed to be due, $1,048.80, but also for interest on said amount from the date it became due, and it is, therefore, readily apparent that the amount of the verdict is less than the total amount claimed, including the interest.

The next assignment of error discussed by the defendant is that the verdict is not supported by the evidence, and was rendered through prejudice and passion. To consider this assignment, it is necessary to review and consider the entire evidence introduced in the case, and since the defendant has not complied with Rule 26 (87 Okla. xxiii, 165 Pac. ix) by abstracting the evidence in his brief, said assignment of error will not be considered. Collins v. Way, 88 Okla. 143, 211 Pac. 1038.

The third and last assignment of error urged by the defendant is that the court erred in admitting certain evidence, offered by the plaintiff, which prejudiced the rights of the defendant in the trial of the cause. We have carefully examined the evidence complained of in connection with the entire record, and we do not believe that the rights of the defendant were prejudiced thereby. Under the record, the jury would have been warranted in returning the verdict they did return, if the evidence complained of had been excluded.

On this question, this court has laid down the following rule, which has been consistently followed, to wit:

"The improper admission or rejection of evidence, if not prejudicial to the party complaining is not ground for reversal." Mullen v. Thaxton, 24 Okla. 643, 104 Pac. 359.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.