ISAAC CONNOR, PLAINTIFF IN ERROR, v. JOHN P.
HINGTGEN, DEFENDANT IN ERROR.

1. **Statute of Frauds:** WAIVER. Where the defendant in his
answer admits substantially the contract set out in the petition,
but alleges that the plaintiff has violated its provisions, and
there is no plea of the statute of frauds, the statute will be
considered as waived.

2. **Contract:** PARTNERSHIP: SALE. Where A and B were in
partnership in the grocery business, and A sold his interest in
the business to B, if he would take his interest in certain rooms
over the store at $100 per year, for such time as should there-
after be agreed upon with the owner of the building, for certain
repairs which A had made on said rooms, and the time was
afterwards fixed at two years, *Held,* That the sale of the interest
in the firm and the leasehold constituted but one contract.

ERROR to the district court for Dixon county. Tried
below before CRAWFORD, J.

*W. E. Gantt,* for plaintiff in error, cited: *Hanlon v.
Wilson,* 10 Neb., 138. *McCormick v. Drummett,* 9 Neb.,
384. *Friedhoff v. Smith,* 13 Neb., 6. *Rickards v. Cun-
ningham,* 10 Neb., 417.

*Barnes Bros.,* for defendant in error, cited: *Morrissey
v. Kinney,* 16 Neb., 17. *McDonnell v. Dodge,* 10 Wis., 92.
*Wallingford v. Burr,* 15 Neb., 204.

MAXWELL, CH. J.

In order that the questions at issue may be fully under-
stood, it is necessary to set out the pleadings. The plain-
tiff alleges in his petition:

"1st. That during the year 1882 the plaintiff and de-
fendant were partners in the grocery business in the village
of Ponca.

"2d.    That in August of that year he sold to defendant his interest in said business, and the partnership was dissolved; that at that time the plaintiff was occupying the upper part of the building in which said grocery business was carried on.

"3d.    That previous to the time of making said sale the plaintiff, under an agreement with one John Breslin, the owner of said building, fitted up the upper part of said building as a residence, and by the terms of said agreement was to occupy and have the use of the same for such time as, at a rental of one hundred dollars a year, he would receive back the amount expended by him for said fitting up said upper part of said building.

"4th.    That at the time of the sale aforesaid the cost of fitting up said upper part of said building had not been agreed upon between the parties aforesaid, and it was then agreed upon by this plaintiff and defendant that defendant should take said upper part of said building off the hands of this plaintiff, and pay to this plaintiff, on or before the first day of January, 1883, the amount that should be agreed upon between said plaintiff and said John Breslin for so fitting up the same.    It was also agreed that plaintiff should have the use and occupancy of the upper part of said building for such length of time as he desired, on condition that he pay rent to said defendant for whatever time he might occupy said premises on and after the 14th day of October, 1882.

"5th.    That said plaintiff and said John Breslin afterwards agreed that the cost of fitting up said premises should be allowed in the sum of two hundred dollars, and said defendant was notified of said agreement, and payment of said sum was demanded of him.    That the agreement herein mentioned between plaintiff and Breslin, in which plaintiff expended said sum of $200 in fitting up said rooms, was considered in said trade as part of the contract between plaintiff and defendant, and the said $200, the

cost of fitting up, was assumed by defendant and was to be paid to the plaintiff as a part of the consideration of his sale of his partnership interest as aforesaid. That plaintiff complied with all the terms of the agreement on his part to be performed, and offered to deliver possession of the said rooms to defendant.

"6th.    That said defendant refused and still refuses to take said rooms and to pay said sum of two hundred dollars."

The defendant filed an amended answer to said petition as follows:

"1st.    Denies each and every allegation contained in plaintiff's petition, except the allegations of partnership and sale of said business from plaintiff to defendant.

2d.    Defendant, further answering, says that said plaintiff and this defendant were co-partners, doing business in Ponca, Dixon county, Nebraska, under the name of Connor and Hingtgen, and were engaged in the business of general merchandising at and prior to the time of the pretended agreement mentioned in plaintiff's petition; that at or about the said time said partnership was dissolved, and this defendant bought out the said plaintiff's interest in said business, that thereupon, in order to induce this defendant to agree to take the upper part of the building mentioned in his petition off of his (the said plaintiff's) hands, the said plaintiff did agree to and with this defendant to leave the town of Ponca, and especially not to engage in the business of merchandising against and opposition to said defendant in said town of Ponca.    Defendant avers the fact to be that the agreement between himself and plaintiff was as follows: Defendant agreed to take said upper part of said building off of the plaintiff's hands, and to pay the said plaintiff for fitting up the same, on or before the 1st day of January, 1883, in consideration of the agreement then made to and with him by said plaintiff that said plaintiff would remove from said town of Ponca,

and would not again at any time engage in the business of general merchandising in said town of Ponca, where said defendant was and is still carrying on said business, and said agreement was entered into under no other consideration or for no other purpose whatever; and yet said plaintiff, wholly disregarding his said agreement, did at once enter into said business of general merchandising in said town of Ponca, in opposition to said defendant, and is now and ever since said time has been engaged in said business. Wherefore said defendant did refuse to take said upper part of said building off of said plaintiff's hands, and defendant never did take possession of the same, and defendant refused to pay said plaintiff the said sum of $200, or any other sum whatever, on said account. Wherefore defendant prays that he go hence without day, and that he recover his costs herein most wrongfully sustained."

The reply is a general denial. On the trial of the cause the jury returned a verdict for the defendant, upon which judgment was rendered.

The principal defense of the defendant in this court is, that the contract for the upper rooms in the store building is separate from that for the purchase of the plaintiff's interest in the store, and the amount of the consideration being in excess of $50, it is within the statute of frauds and void. There are other reasons assigned why this is a separate contract and within the statute of frauds, to which we need not refer.

It will be observed that the defendant, in his answer, admits that he purchased the plaintiff's interest in the upper part of said building. He states that he did so in consideration that the plaintiff would not engage in business in Ponca again. Whether such statement is true or not, it is practically an admission of the plaintiff's petition, and is sufficient to take the case out of the statute of frauds. The clear weight of testimony shows that the plaintiff proposed to sell the defendant his interest in the business, provided

he (the defendant) would purchase his interest in the upper rooms—that there was but one contract. The defendant, therefore, cannot by paying for the interest of the plaintiff in the store avoid liability on the remainder of the contract. The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.