## PRIOR *et al.* v. SANBORN COUNTY.

1. Failure to urge an objection that a contract is within the statute of frauds, in the trial court, is a waiver thereof.

2. In an action against a county to recover rents after it had vacated a building leased by it for a court house, parol proof that the sheriff and others notified the owners of its dilapidated condition, and served notice of intention to vacate at the request of the commissioners, is admissible, though no authority of those making the complaint and signing the notice was disclosed by the records of the commissioners' court, as it is sufficient that the owner's attention is called to the uninhabitable condition of a leased building, to hold him to the consequences of a failure to repair.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Sanborn county. Hon. FRANK B. SMITH, Judge.

Action for rent. From a judgment for plaintiffs, and an order overruling a motion for a new trial, defendant appeals. Reversed.

The facts are stated in the opinion.

*T. H. Null* and *W. F. Kenfield,* for appellant.

The agreement is void, as being within the statute of frauds, and the tenancy was from year to year. Wolke v. Fleming, 103 Ind. 105; Garret v. Clark, 5 Or. 464; Rosenblatt

v. Perkins, 6 L. R. A. 257· Evans v. Winona Lumber Co., 16 N. W 404; Steele v. Brewing Ass'n, 58 N. W. 685.

*John T. Kean,* for respondents.

The objection that the agreement is obnoxious to the statute of frauds was neither pleaded nor made on the trial, and is raised for the first time, in the appellate court. It therefore comes too late. Cosand v. Bunker, 2 S. D. 294; Osborne v. Endicott, 6 Calif. 149; Gardener v. Armstrong, 31 Mo. 535; Graffan v. Pierce, 143 Mass. 386; Maxw. Code Pl. 442.

FULLER, J. This action, to recover rent for a period of one year after the defendant had vacated a building occupied by its officers as a court house, resulted in a verdict of $300 directed in favor of plaintiffs; and from a judgment accordingly entered, and an order overruling a motion for a new trial, defendant appeals.

No question as to the legal sufficiency of the five-year lease made the basis of this action is within the issues presented by the pleadings, nor was the point raised below that the following resolution of the board of county commissioners contravenes the statute of frauds: "The proposition from Prior, Hinds (Bank of Woonsocket,) and Summerfield to lease to the county the court-house building for five years for the annual rental of $400.00. On motion the proposition is accepted." Whether the foregoing record is sufficient to take the agreement out of the statute need not be determined, because the failure to raise the point in the trial court constitutes a waiver, and it is now too late to urge the objection for the first time. Cosand v. Bunker, 2 S. D. 294, 50 N. W. 84. The only recitals of the answer relating to the contract are "that about January

1st, 1893, defendant was in possession of the premises described in plaintiff's complaint, and that said premises were used as a court house, for county offices, and court room and jail; that about April 1st, 1893, plaintiffs submitted a proposition to the county commissioners of said Sanborn county, then in session, wherein and whereby plaintiffs agreed to rent said premises to defendant for the purpose above named for five years, at the annual rental of four hundred dollars;   *   *   *   that the said commissioners then in session, by resolution duly entered of record, accepted said proposition." That the building, through no fault of appellant, became unsafe and untenantable, and that respondents, after due and proper notice, utterly failed and repeatedly refused to repair the same, thereby compelling the officers of appellant to remove therefrom into other quarters, is the only defense relied upon; and an assignment of error relating to the rejection of testimony upon the question of notice presents for review the only matter occurring at the trial.   After the introduction of testimony sufficient to sustain a finding by the jury that the building was greatly out of repair and untenantable, appellant offered to prove by parol that the sheriff and county auditor frequently informed the owners of the building of its dilapidated condition, and requested that necessary repairs be made in the several apartments. This offer, together with a written notice of the intention of appellant to vacate the building, served upon respondents by request of the county commissioners, was excluded, upon the theory that no authority of the parties making the complaint and signing the notice was disclosed by the recorded proceedings of the board of county commissioners, and that no other evidence was admissible to establish such facts.   It is alleged that

the building became unfit for occupation through no fault or negligence of appellant, and no claim is made to the contrary. In the absence of an agreement on the part of a lessee to repair, the lessor must put his building into a condition reasonably fit for occupation, and repair all subsequent dilapidations thereof. Comp. Laws, § 3737. The untenantable condition of certain apartments occupied by the county officers was shown, and the sheriff testified that: "The plastering was off the walls in the court room. While I was there the back doors by the winds were blown in, and the jambs on the windows were knocked off, and the front doors were knocked out, and we couldn't fasten them; and the room rattled so that they could not hear themselves hold court." But, under the view taken by the trial court, appellant was not allowed to prove that the witness had called the attention of respondents to the condition of their building, including that portion used for a jail, which was so unsafe and out of repair that the trial court had ordered the sheriff to abandon the same. The statute of this state neither specifies any particular form of notice to the lessor of dilapidation, nor the manner of giving the same; but it does expressly authorize a tenant to vacate the premises, and discharges him from further payment of rent if the necessary repairs are not made within a reasonable time after the lessor is advised of conditions rendering his building unfit for occupation. Comp. Laws, § 3738. Moreover, the statute (section 7792, Comp. Laws) imposes upon the sheriff the duty of taking charge of the jail of his county; and, under the circumstances of this case, either himself or the county auditor might very properly give the required notice, and their testimony ought to have been admitted. If respondent's attention was called to

the fact that their building had become uninhabitable, it was their duty to repair, and no technicality as to the manner of giving notice will relieve them from the consequences of their refusal to do so. The general rule is that "when the premises become untenantable by reason of the failure of the landlord to do what is lawfully required of him, the effect is eviction, which permits the tenant to abandon the premises." 11 Am. & Eng. Enc. Law (2d Ed.) 478; Silber v. Larkin, 94 Wis. 9, 68 N. W, 406; Vann v. Rouse, 94 N. Y. 401; Tallman v. Murphy, 120 N. Y. 345, 24 N. E. 716; Harthill v. Cooke's Exr. (Ky.) 43 S. W. 705; Talheimer v. Lempert (Sup.) 1 N. Y. Supp. 470; Alger v. Kennedy, 49 Vt. 109; Bradley v. Goicouria, 67 How. Prac. 76. We think that appellant's "offer to prove that the sheriff, county auditor, and persons other than the county commissioners, informed the owners of the condition of the building, its being out of repair, and requested repairs to be made in the several apartments," should have been granted, and the written notice to the effect that appellant would vacate, which was duly served upon respondents by the sheriff, ought not to have been excluded for the reason merely that it does not affirmatively appear from the record of the board of county commissioners that the officers whose names are signed to such notice were authorized to cause the same to be served. Our conclusion, therefor, is that there was testimony offered, which, if admitted, would tend to the establishment of a complete defense, and that its exclusion and the direction of a verdict for respondents were erroneous. The judgment appealed from is reversed, and a new trial is ordered.