# J. E. M. WALKER, Respondent, v. W. L. COOPER, Appellant.

### St. Louis Court of Appeals, December 23, 1902.

1. **Contract: STATUTE OF FRAUDS: PLEADING: PRACTICE, TRIAL.** Where a contract within the purview of the statute of frauds is alleged, and is not stated to be oral, the allegation will be taken to mean that the contract was valid in respect of form.

2. **———: ———: ———: ———: GENERAL DENIAL.** And a general denial which puts in issue the making of the contract will suffice as a foundation for utilizing the statute of frauds as a defense, but the trial court must be made aware, in some distinct manner, that the party relies on that defense.

3. **———: ———: ———: ———: ———: PRACTICE, APPELLATE.** And where the case goes to judgment without an expression of intent to invoke that statute, it can not be availed of upon appeal in the appellate court.

4. **Contract: TENDER.** Where a party absolutely refuses to perform a contract, a tender by the other party is unnecessary.

5. **Evidence: ERROR.** When, in an action for breach of contract of sale of tobacco by sample, the seller refused to perform, and admitted he could not furnish the lot sold, the admission of evidence of a custom in the trade whereby purchasers of tobacco by sample were allowed to inspect the goods before paying for them, if error, was harmless.

6. **Contract, Breach of: EVIDENCE: HARMLESS ERROR.** Where an action for breach of contract of sale was tried by the court, and the court fixed the damages according to the market price of the commodity at the place provided for delivery, the admission of evidence of the market price at the point to which the property was to be shipped was harmless.

Appeal from St. Louis City Circuit Court.—*Hon. Selden P. Spencer,* Judge.

AFFIRMED.

*Stewart, Cunningham & Eliot* for appellant.

(1)    The circuit court erred in holding that a contract for the sale of tobacco was made by defendant. Defendant invoked the statute of frauds. R. S. 1899, sec. 3419; Pattison's Missouri Code Pleading, sec. 592; Boyd v. Paul, 125 Mo. 9; Hackett v. Watts, 138 Mo. 502. (2)    And the writings put in evidence did not satisfy that statute or show a meeting of minds. Browne on the Statute of Frauds (4 Ed.), secs. 371, 376, 382, 384, 401; Ringer v. Holtzclaw, 112 Mo. 519; Smith v. Shell, 82 Mo. 215.    (3) The circuit court erred in admitting evidence of the market value at St. Louis of the tobacco which the contract asserted in plaintiff's petition provided should be delivered at Timmonsville, and in admitting evidence of a resale by plaintiff at St. Louis. Benjamin on Sales (7 Ed.), sec. 882a; Northrup v. Cook, 39 Mo. 208. (4) The circuit court erred in ruling and holding that under the written contract alleged in the plaintiff's petition it was the duty of defendant to ship any of the tobacco in question after the plaintiff had, November 19, 1897, notified defendant that plaintiff would not pay the price upon such shipment being made—nor until after such tobacco should have been conveyed to St. Louis and delivered to and examined by plaintiff. The refusal of defendant's instruction number one was error. McKnight v. Watkins, 6 Mo. App. 118; McManus v. Gregory, 16 Mo. App. 375; Harwood v. Diemer, 41 Mo. App. 48; Diechman v. Diechman, 49 Mo. 107; Westlake v. City of St. Louis, 77 Mo. 47; Girard v. St. L. Car Wheel Co., 123 Mo. 358.

*G. B. Webster* for respondent; *W. F. McEntire* of counsel.

(1)    The statute of frauds is not a question in the case. It was not pleaded nor relied upon below. No instructions were asked upon it, nor was it made a ground for the motion for a new trial or the motion in arrest.    "Excepting errors apparent on the face of the record, none will be considered unless assigned in the motion for a new trial."    Connelly v. Ass'n, 43

Mo. App. 283; Haynes v. Trenton, 108 Mo. 123; Hall v. Harris, 145 Mo. 619; Rogers v. Gage, 59 Mo. App. 114; Hanks v. Railroad, 60 Mo. App. 274. (2) "The record proper includes the petition, summons, answer, subsequent pleadings, verdict and judgment." Sickles Sad. Co. v. Bullock, 86 Mo. App. 89. (3) While it is true that the statute of frauds is available as a defense without being pleaded, when the contract is denied, still it must have been relied upon by the defendant in the trial court. Van Idour v. Nelson, 60 Mo. App. 528; Clement v. Gill, 59 Mo. App. 482; Hobart v. Murray, 54 Mo. App. 254. (4) It is not necessary that both parties sign or be bound by the memoranda. Where it is signed by the party sought to be charged the requirement of the statute is met. Ivory v. Murphy, 36 Mo. 534; Cunningham v. Williams, 43 Mo. App. 629; Black v. Crowther, 74 Mo. App. 482. (5) The writing required under the statute is not a contract, but only a note or memoranda of the agreement. It need show no meeting of the minds. A mere offer or proposal in writing is sufficient. Browne, Stat. of Frauds (5 Ed.), sec. 345a; 1 Mechem, Sales, sec. 423. (6) The action of the trial court in admitting evidence of a universal custom of the trade concerning contracts similar to that sued on, was not error. It did not alter the terms of the contract. The custom was a part of the contract itself, and the evidence of it only made clear what the memoranda left unmentioned. Hutton v. Waren, 1 M. & W. 466; Brown v. Byrne, 3 E. & B. 703. (7) A judgment will not be reversed unless it clearly appears that the error complained of is such as would have changed the result, or may have influenced the jury. State ex rel. v. Branch, 151 Mo. 622; Doyle v. Trust Co., 140 Mo. 1; Hall v. Goodnight, 138 Mo. 576; State ex rel. v. Boeppler, 63 Mo. App. 151. (8) There was no error in admitting evidence of the market value of the tobacco at St. Louis. 2 Sedg. Dam. (8 Ed.), sec. 739; Wood's Mayne Dam. (1 Am. Ed.), sec. 22; Startup v. Cartazzi, 2 C. M. and R. 165. (9) There was evidence to support the finding of the trial court that

the market value of the tobacco at Timmonsville was six and one-half cents, and the finding of the trial court to that effect can not be reviewed. Handlan v. McManus, 100 Mo. 124; Rice v. McClure, 74 Mo. App. 383. (10) The appellant is before this court without any evidence. His bill of exceptions does not contain the depositions he offered at the trial, but merely recites that he offered them and directs that the clerk copy them in. This does not preserve them. Everything not of record proper must be set out in full to be saved, except motions for new trial and in arrest and instructions, and the exception as to these is only by virtue of the statute. R. S. 1899, sec. 866; State v. Griffin, 98 Mo. App. 672.

BARCLAY, J.—Plaintiff brought this action to recover damages for breach of a contract for the sale of tobacco. Both parties are dealers in that commodity.

Plaintiff's case as presented in his petition is that in October, 1897, defendant agreed to sell and deliver to plaintiff 50,000 pounds of "B. Scrap" tobacco, at four cents per pound "free on board," Timmonsville, South Carolina, to be shipped to plaintiff at St. Louis, Missouri, as directed by plaintiff within six weeks from October 14, 1897, "said contract being evidenced by writings signed by the plaintiff and defendant." But defendant afterwards refused to deliver the tobacco in response to plaintiff's demand, within said period, etc.

Defendant denied the charges of the petition, and set up two counterclaims for merchandise sold to plaintiff at later dates than the transaction first mentioned.

The reply of plaintiff admitted the counterclaims.

The cause was tried before Judge Spencer, a jury having been waived.

Defendant was a member of the firm of W. L. Cooper & Co., and we shall refer to him or to his firm indifferently, as there is no point of error assigned which attempts to sever defendant from the liability arising from his membership of the firm.

Plaintiff's testimony tended to show that in the early part of October, 1897, a broker in St. Louis representing defendant's firm offered for sale by sample to plaintiff 50,000 pounds of "B scrap" tobacco. Plaintiff accepted the offer for shipment as required within six weeks at an agreed price of four cents per pound "f. o. b.," Timmonsville, South Carolina (the chief place of business of defendant). The broker then informed defendant's firm by telegraph of the sale as follows:

"B. S. Sold four cents, ship within six weeks. Answer."

Defendant in like manner replied, October 14, 1897, that he would "ship 50 B. Scp. within six weeks at four f. o. b." and added "Write instructions."

Then followed a series of letters and telegrams, about fifteen in number, between plaintiff, the broker and the firm to which defendant belonged. One of the letters of defendant's firm, dated October 22, 1897, contained this statement: "We will ship the scrap to you as soon as possible, whenever you order us to do so."

The following day defendant's firm informed plaintiff by letter that it would "be impossible to ship the scrap with which we proposed to supply you within ten days" and that defendant, when he wired the acceptance to the broker, had "expected the option of shipping in six weeks."

After that both the defendant's broker and plaintiff protested to defendant by letter against defendant's default, and endeavored to persuade a performance. Then defendant's firm insisted on drawing on plaintiff for proposed shipments in such a way as would require payment before examination or any view of the tobacco by plaintiff. Plaintiff would not consent to that course, and defendant admitted that the lot of tobacco bought by plaintiff had "slipped from our grasp," and proposed to furnish some other stock in its stead. Plaintiff objected. The correspondence

ceased, and this action followed. While it was in progress, several samples of the tobacco bought were sent by defendant to plaintiff and received by the latter at St. Louis. Other features of the correspondence need not be spread upon the record here. If any further particulars become necessary to elucidate the discussion of the debatable points of this litigation they will be mentioned later. In the course of the trial plaintiff was allowed by the court (over defendant's objection) to introduce testimony by acknowledged experts of a general, uniform custom and usage in the tobacco trade, whereby in a sale by sample the purchaser has the privilege of inspection before acceptance or payment for a shipment of tobacco.

The foregoing is a sufficient general outline of the facts.

The court gave, at the request of defendant, a declaration of law for findings in his favor on the counterclaims and then approved this declaration on the measure of recovery, viz.:

"If under the other instructions given you you find for the plaintiff, you must determine from the evidence and market value or price, free on board cars at Timmonsville, South Carolina, of fifty thousand pounds of B. scrap tobacco at the time when the tobacco in controversy should have been delivered by defendant in compliance with plaintiff's shipping directions. If that market value exceeds two thousand dollars you will deduct $2,000 from it, and the remainder will be the amount of your verdict. If that market value does not exceed $2,000, and if under the other instructions given you you find for the plaintiff, let your verdict be for one dollar."

The learned trial judge found for plaintiff on his cause of action in the sum of $1,250, and, after deducting the admitted counterclaims, gave judgment for plaintiff for the balance, and defendant appealed after the usual steps to that end.

1. Defendant's first assignment of error rests on the contention that there was no valid contract of sale

for want of sufficient writings.  He invokes the statute of frauds here, but he did not invoke it in the trial court so far as this record discloses.  Where a contract within the purview of the statute of frauds is alleged, and is not stated to be oral, the allegation will be taken to mean that the contract was valid in respect of form, so that a general denial which puts in issue the making of the contract will suffice as a foundation for utilizing the statute of frauds as a defense.  But the trial court must be made aware, in some distinct manner, that the party relies on that defense.  Where the case goes on to judgment without an expression of intent to invoke that statute, it can not be availed of upon appeal in a reviewing court.  Clement v. Gill, 59 Mo. App. (St. L.) 482.

That proposition is but one application of the useful and just rule of our procedure which forbids any exception to be taken on appeal or writ of error "except such as shall have been expressly decided" by the trial court.  R. S. 1899, sec. 864.

As the statute was not indicated in any proper way as a defense in the circuit court, it is unnecessary to weigh the argument of plaintiff claiming that the writings were sufficient to meet the demands of the statute in question.

2.   The next claim of error concerns the admission in evidence of a uniform, general and well-known custom in the tobacco trade throughout the country, whereby purchasers of tobacco by sample are allowed to inspect the goods before paying for them.

We shall not find it necessary to investigate the soundness of the ruling admitting the evidence of custom, because, in any aspect of it, the ruling was harmless, or (as the learned judge of the circuit declared) not "vital in this case."  The defendant did not pretend to execute this agreement.  He refused to perform and admitted that the particular lot of tobacco which he had sold by sample to plaintiff had "slipped from our grasp."

Where one party absolutely refuses to perform a

contract, a tender by the other party is unnecessary. Westlake v. St. Louis, 77 Mo. 47; Harwood v. Diemer, 41 Mo. App. (St. L.) 48; Enterprise Soap Works v. Sayers, 55 Mo. App. (St. L.) 15. So there was no need for plaintiff to tender the price at Timmonsville, South Carolina, which place the trial court held to be the contract point of delivery by the third instruction given at the instance of defendant. The evidence of custom to support plaintiff's contention for a right to examine the tobacco before payment, could not prejudice any substantial right of the defendant.

3. Like comment may be made on the admission of testimony touching the market price of such tobacco in St. Louis, to which defendant took exception. As the court afterwards, at defendant's request, gave a declaration of law (already quoted) which fixed the market price at Timmonsville, South Carolina, as the standard by which to measure the amount of plaintiff's recovery on his cause of action, the testimony referred to was wholly harmless. The giving of that declaration amounted to a ruling excluding the testimony of the price at St. Louis from consideration in the final result. The cause was tried by the court, and the admission of these items of testimony could not have been harmful to defendant in view of the final rulings of the court.

No error is proper ground for reversing a judgment unless it prejudiced the substantial rights of the adverse party upon the merits of the action. R. S. 1899, secs. 659, 865.

4. Defendant complains of the refusal of a request for a declaration of holding the effect of one of plaintiff's letters to be a refusal to pay cash for the tobacco on its shipment at Timmonsville, etc. We do not consider that the letter had the effect ascribed to it by defendant in the circumstances. The plaintiff evidently did not intend such a meaning; for, in another letter four days later, he reminds defendant that the tobacco which defendant then was proposing to ship was "another lot and not the lot we first bought." Thus indicating plain-

tiff's view that defendant had refused to perform the contract on his part.

These comments dispose of all of the assignments of error which seem to call for remark. Finding none of them well taken we affirm the judgment. *Bland, P. J.,* and *Goode, J.,* concur.