## RENDER v. LILLARD.

No. 7455—Opinion Filed July 25, 1916.

Rehearing Denied Oct. 3, 1916. Leave to File

Second Petition Denied Oct. 31, 1916.

(160 Pac. 705.)

**1. Frauds, Statute of—Pleading — Issues and Proof.**

A general denial raises the question of the statute of frauds.

**2. Appeal and Error—Presenting Questions in Trial Court—Necessity.**

The question of the statute of frauds was not presented nor urged in the trial court, neither was it mentioned therein in any manner, nor was it relied upon in said court by the defendant for a defense. This court, therefore, will not consider this question when presented and urged by the defendant upon this court for the first time on appeal.

(Syllabus by Davis, C.)

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by Ross N. Lillard against S. P. Render. Judgment for plaintiff, and defendant brings error. Affirmed.

Ames, Chambers, Lowe & Richardson, for plaintiff in error.

Sam Hooker and E. L. Fulton, for defendant in error.

Opinion by DAVIS, C. The parties will be spoken of throughout this opinion as in the court below. The plaintiff, Ross N. Lillard, sued the defendant, S. P. Render, in the district court of Oklahoma county, Okla., on a verbal contract of employment alleged to have been made by the defendant with the plaintiff as an attorney and counselor at law to prosecute an action for $50,000 damages on behalf of the plaintiff, one Minnie Bond, in what is known as the case of Bond v. Gore, in the district court of Oklahoma county, Okla. Plaintiff averred in his petition that his services were well worth the sum of $1,500, proved said averment by competent testimony, which was not controverted on the part of defendant, admitted a credit on same of $175, and recovered by verdict of a jury the balance of $1,325 on February 11, 1915, for which sum, together with 6 per cent. in-

terest per annum from February 11, 1915, until paid and for costs, judgment was by the trial court duly rendered on May 7, 1915, the court having previously heard. duly considered and overruled the defendant's motion for a new trial. The petition of the plaintiff, omitting caption and formal parts, reads as follows:

"The plaintiff, Ross N. Lillard, for his cause of action herein, says that he is a regular licensed practicing attorney at law of the state of Oklahoma and county of Oklahoma, and has been for the last past three years, with his office in the city of Oklahoma City; that on or about the 1st day of October, 1913, he was employed by one Minnie Bond and Julian R. Bond to institute suit in the district court of Oklahoma county, state of Oklahoma, in the sum of $50,000 against one T. P. Gore for assault, and that on or about December 1, 1913, this plaintiff notified the said Minnie Bond and Julian R. Bond that he would not remain in said case any longer unless arrangements were made for a fee for his services in said cause, and that he then and there notified said parties that he would withdraw from the case unless the same was done, and thereupon, on or about the 1st day of December, 1913, the defendant, S. P. Render, came to this plaintiff and said to him that if this plaintiff would continue his services in said cause and not withdraw therefrom, he, the said S. P. Render, would pay a fee for plaintiff's services in said cause, and requested this plaintiff not to withdraw from said cause, but to continue his services therein, and acting upon the defendant's representations that he would pay plaintiff's fee in said cause, this plaintiff did continue in said case and did not withdraw therefrom; that from the 1st of December, 1913, up and to and including the trial of said cause, which was in February, 1914, this plaintiff devoted all of his time and attention to the preparation of said case, and spent much time from his office in taking depositions and consulting with witnesses and other parties necessary for a trial of said cause, and upon the trial thereof, participated therein; that the services rendered by this plaintiff in said cause, for which the defendant agreed and promised to pay, were reasonably worth the sum of $1,500, and that no part thereof has been paid to this plaintiff, save and except the sum of $175; that said defendant frequently, from December 1st up to the time of the trial and during the trial, stated to this plaintiff that he would pay him for his services in said cause. and this plaintiff rendered and performed the same relying upon the defendant's promise and agreement to pay him therefor. Wherefore, premises considered. the plaintiff prays judgment against the defendant. S. P. Render, for the sum of $1,325. with interest from this date, for costs and all proper relief."

The defendant to this petition filed the following verified answer:

"Comes now S P. Render, defendant above named, and, for answer to the answer to the petition of said plaintiff denies each and every allegation therein contained."

The defendant in the court below defended against this action on the theory, and the sole and only theory, that he did not make the promise or enter into the contract as alleged and set forth in plaintiff's petition, and as proven by plaintiff. The sole question presented to the court below upon the trial of this case, and submitted by the trial court to the jury, was whether or not the defendant made and entered into the contract with the plaintiff as alleged and proven by him. The defendant requested no instructions and saved no exceptions to any of the instructions given by the court to the jury in his charge—none. For the first time in this lawsuit and in his printed brief the defendant raises and urges upon this court the sole and single proposition that this was a verbal contract, made by the defendant with the plaintiff in the nature of a special promise to answer for the debt, default, or miscarriage of another, and that it does not fall under the article of our statutes on guaranty, and that hence, under section 941, Rev. Laws of Oklahoma 1910, the same is expressly inhibited and invalid, the plaintiff having first been employed by one Minnie Bond and Julian R. Bond to institute and prosecute the $50,000 damage suit against T. P. Gore for assault, and upon their failure to arrange for or pay the plaintiff his fee for said services conceding that the defendant contracted to pay same as alleged and proven by plaintiff in this action in the trial court, still the said contract clearly falls under the statute of frauds of our state.

Conceding but not deciding that this contract falls within the statute of frauds, has defendant waived this point by his failure to raise and urge it, obtain a ruling thereon, and when decided adversely to him, save the proper exception in the trial court? We think so. A verbal promise to answer for the debt of another is not illegal, unlawful, or immoral. It is not, strictly speaking, void, but merely voidable. The statute is solely for the benefit of a person sought to be bound by such a promise. He may avail himself of the statute, or not, as seems best to him. It is a question in which he and no one else is interested. If he fails to take advantage of the statute, the contract, under all the authorities, is valid and enforceable. While there may be a conflict in the authorities as to what will constitute a waiver of the

statute, yet we know of no authority which holds that the statute cannot be waived. This court in the case of Altoona Portland Cement Co. v. Burbank, 44 Okla. 76, 143 Pac. 845, in passing on this question held as follows:

"Such contracts are not positively illegal in any particular, but are negatively invalid, although only as against one who has not subscribed a note or memorandum thereof in writing, and only to the limited extent that no enforceable demand against him can be predicated thereon in the absence of at least his tacit consent, as by waiver of that point, in the action or of an equitable estoppel to deny liabiltiy." (Emphasis ours.)

Defendant did not demur to the petition of plaintiff on the ground that the contract was within the statute or on any other ground. He did not plead the statute of frauds in his answer. He did not object to the introduction of evidence under the petition of the plaintiff on the ground that no cause of action was stated, or on the ground that the contract was within the statute of frauds. He did not object to the testimony of plaintiff when testifying regarding the verbal contract, nor move to strike the same out on any ground or for any reason. After the evidence was all in and established, as now claimed, by defendant, that the contract was within the statute, he did not demur thereto or move the court for a directed verdict. He requested no instructions on any ground, and took no exceptions to the instructions given by the court, which presented to the jury but the one question, and that was whether or not the plaintiff entered into the contract alleged. And he did not even raise the question in his motion for a new trial. That all this constituted a plain waiver of the statute and the rights, if any, he had thereunder, we think, is plain. The Supreme Court of South Dakota passed on this question in the case of Prior v. Sanborn County, 12 S. D. 86, 80 N. W. 169, wherein it held:

"Failure to urge an objection that a contract is within the statute of frauds, in the trial court, is a waiver thereof."

Defendant, as the record affirmatively shows, at no time and in no manner even attempted to raise the question of the statute of frauds in the trial court, and he therefore brought himself squarely within the rule laid down by this court in the Altoona Portland Cement Co. Case, supra. Not having raised this question in the trial court, he cannot raise it for the first time in this court. That a party cannot, for the first time on appeal, raise the question that the contract sued on is within the statute of frauds we think is settled by all the authorities. The general rule in this regard is laid down in 2 Cyc. 665, as follows:

"An objection to the validity of a contract or instrument must be made in the court below, and cannot be urged for the first time on appeal. * * * Thus it cannot be first objected to that a contract is void under the Sunday laws; that a contract or deed is tainted with fraud or usury; that it is champertous; that it is void under the statute of frauds. * * *"

The Supreme Court of the state of Illinois passed on this question in the case of Highley v. Metzger, 187 Ill. 237, 58 N. E. 407, as follows:

"The objection that defendant was sued on an oral promise to answer for the debt of another, which has not been raised by the pleadings, nor by objections to evidence, nor by exceptions to the instructions, cannot be taken advantage of for the first time on appeal."

The Supreme Court of South Dakota upheld the same rule in the case of Prior v. Sanborn County, 12 S. D. 86, 80 N. W. 169, as follows:

"Whether the foregoing record is sufficient to take the agreement out of the statute need not be determined, because the failure to raise the point in the trial court constitutes a waiver, and it is now too late to urge the objection for the first time."

The Supreme Court of Iowa also followed this rule in the case of Holt v. Brown, 63 Iowa, 319, 19 N. W. 235, from which case we quote as follows:

"Where the statute of frauds is not pleaded, nor objection made to evidence on the trial, because the contract was within the statute, but the objection is first made in the argument of counsel on appeal, it comes too late."

In the case of Lydig v. Braman, 177 Mass. 212, 58 N. E. 696, the Supreme Court of Massachusetts held as follows:

"A defense of the statute of frauds on a contract sued on is not available on appeal, where it is not raised on the trial."

The Court of Appeals of Missouri passed on this question in the case of Walker v. Cooper, 97 Mo. App. 441, 71 S. W. 370, as follows:

"The statute of frauds cannot be invoked as a defense to an action on a contract for the first time on appeal."

In the case of International Harvester Co. v. Campbell, 43 Tex. Civ. App. 421, 96 S. W. 93, the court held:

"The statute of frauds cannot be, for the first time, invoked on appeal."

The Supreme Court of Vermont, in the case of Sartwell v. Sowles, 72 Vt. 270, 48 Atl.

11, 82 Am. St. Rep. 943, upheld this same rule as follows:

"A defense that a contract was within the statute of frauds could not be set up on appeal where appellants had allowed the same to be established on the trial by parol evidence without objection."

The Court of Appeals of New York passed on this question in the case of Throop Grain Cleaner Co. v. Smith, 110 N. Y. 83, 17 N. E. 671, wherein it was held:

"The question whether an assignment of a debt is valid under the statute of frauds cannot be raised on appeal where an exception is not taken below."

Other courts have held:

"The defense of the statute of frauds is waived, if not pleaded." Hogan v. Easterday, 58 Ill. App. 45; Van Duyne v. Vreeland, 12 N. J. Eq. (1 Beasl.) 142.

"Failure to plead the statute of frauds in an action on a verbal contract is a waiver of that defense." Carpenter v. Davis, 72 Ill. 14.

"By placing a defense on other grounds, and failure to plead the statute, a party waives the defense that the contract sued on is within the statute of frauds." Finucan v. Kendig, 109 Ill. 198.

"Where, in an action by the vendor for the price, the purchaser did not seek to avoid the sale as being in parol, but sought to have the lands purchased, secured by a good deed, it was proper to consider the case as if the contract of sale had been in writing." Richardson v. Milner, 5 Ky. Law Rep. 118.

"Where the defendant, in his answer, admits substantially the contract set out in his petition, but alleges that the plaintiff has violated its provisions, and there is no plea of the statute of frauds, the statute will be considered as waived." Connor v. Hingtgen, 19 Neb. 472, 27 N. W. 443.

"Where the defendant admits the contract declared upon and does not plead the statute of frauds, or insist on it in his answer he will be deemed to have renounced the benefit of it." Duffy v. O'Donovan, 46 N. Y. 223.

"An objection that a contract was void under the statute, not taken in the complaint and raised for the first time in the requests for finding, comes too late." Porter v. Wormser, 94 N. Y. 431.

"A defendant can waive the immunity granted him by the statute of frauds, and unless he sets up the defense, or in some way calls it to the attention of the court, the court is not required to interpose it." League v. Davis, 53 Tex. 9.

"The statute of frauds is waived, unless pleaded." Howe v. Chesley, 56 Vt. 727.

Century Digest, topic "Frauds, Statute of," sec. 365.

"The privilege is personal, and cannot be made available by a third person, a stranger to the contract, and it may be waived, and is regarded as waived, unless the party avails himself of it either by his pleadings, or under the general issue, where advantage may be taken of it without a special plea. * * * The courts, of course, take judicial notice of the statute, but they will not take judicial notice that a given contract is void because not in writing. The party must allege and prove such ground of defense." Wood on Statute of Frauds, sec. 277.

In McCoy v. Williams, 6 Ill. 584, the court held that the plea of the statute of frauds is a personal privilege, which the party may waive; another cannot plead it for him, or compel him to plead it.

In Vermont, if a plea avers that the promise sued on was a promise to pay the debt of another, to wit, B., a replication that the promise was not a promise to pay the debt of said B. is good, and the defense of the statute may be shown under the general issue, or pleaded specially. Hotchkiss v. Ladd, 36 Vt. 593, 86 Am. Dec. 679.

In Illinois the statute must be pleaded, if it is to be relied upon by the defendant. He cannot set it up, for the first time, in an instruction. Warren v. Dickson, 27 Ill. 115.

So in Alabama, the defense arising under the statute must be pleaded; and, if waived, and the contract is admitted or established by proof, it will be enforced. Patterson v. Ware, 10 Ala. 444.

In New Jersey the statute must be relied on; that is, the party must either plead it specially or urge it as a ground of defense. Thus, a defendant may insist upon the benefit of the statute of frauds, although he admits the parol agreement; but if he does not insist upon the statute, he is not entitled to its benefit. Ashmore v. Evans, 11 N. J. Eq. 151.

We are of the opinion that the correct rule as to properly raising the question of the statute of frauds by the defendant in this jurisdiction is that when the defendant denies in his answer the making of the contract upon which the action is brought, he may then avail himself of the defense that the agreement was invalid under the statute of frauds, but where the defendant admits the making of the contract sued on in the petition, in his answer, he must then specially and specifically set up and plead the statute of frauds in his answer, or he will be held thereby to have waived it. Under a general denial the defendant raises the issue that he did not make the contract sued upon as set forth by the plaintiff in his petition, and the

issue that the same, if made, is invalid under the statute of frauds.

"Generally anything going to show that the cause of action sued upon never existed, or which merely disproves what plaintiff alleges, may be given in evidence under a general denial. The defendant may give evidence controverting any facts necessary to be established by plaintiff, but not to disprove a defense founded on new matter. Evidence to disprove wholly or in part any fact which plaintiff must establish to show a cause of action may be given in evidence under a general denial. Under our system of practice, and under every rational, logical system of pleading, the defendant must, under a general denial, be permitted to controvert by evidence everything which the plaintiff is bound, in the first instance, to prove to make out his cause of action." Evans v. Williams, 60 Barb. (N. Y.) 346; Greenfield v. Mass. Mut. L. I. Co., 47 N. Y. 430; Andrews v. Bond, 16 Barb. (N. Y.) 633; Weaver v. Barden, 49 N. Y. 286; O'Brien v. McCann, 58 N. Y. 373; Griffin v. Long Island R. R. Co., 101 N. Y. 348, 4 N. E. 740.

The defendant quotes from and cites the following authorities in his reply brief filed herein July 7, 1916: Altoona Portland Cement Co. v. Burbank, 44 Okla. 76, 143 Pac. 845; Feeney v. Howard, 79 Cal. 525, 21 Pac. 984, 4 L. R. A. 826, 12 Am. St. Rep. 162; Hotchkiss v. Ladd, 36 Vt. 593, 86 Am. Dec. 679; Wynn v. Garland, 19 Ark. 23, 68 Am. Dec. 191; Talbot v. Bowen, 1 A. K. Marsh. (Ky.) 436, 10 Am. Dec. 747; Williams-Haywood Shoe Co. v. Brooks et al., 9 Wyo. 424, 64 Pac. 343; Fontaine v. Bush, 40 Minn. 141, 41 N. W. 465, 12 Am. St. Rep. 722; Luton v. Badham, 127 N. C. 96, 37 S. E. 143, 53 L. R. A. 337, 80 Am. St. Rep. 783; Wiswell v. Tefft, 5 Kan. 263—to show that the statute of frauds may be raised under a general denial. To this proposition we have acceded and do now accede. "But one thing lackest thou yet." The defendant, having thus raised said issue by his general denial, which at the same time raises the other issue denying the making of the contract sued upon, must, in some manner, someway, somehow, and by some means, go further and challenge the attention of the trial court to the issue of the statute of frauds, and insist and rely upon it as a defense in the trial court. He will not be permitted by some legerdemain to keep this issue, so raised, by him, snugly snuggled away somewhere in the mental catacombs of silence and obscurity, jealously keeping and guarding it from the sight and attention of the trial court from the inception of the cause to its uttermost close, and then for the first time spring it on this court, Minerva-like, and press it for the first time,

and as the sole, single, and only issue in his brief here.

We have carefully examined each of the cases cited by defendant in his reply brief, as set out herein, supra, and find that in each and all, save and except perhaps, Wiswell v. Tefft, supra, it is plainly to be seen that under the general denial, the defendant in some manner brought the attention of the trial court specifically to the issue raised of the statute of frauds. In Wiswell v. Tefft, supra, equal comfort can be found that it was or that it was not drawn to the attention of the trial court. In the case of Altoona Portland Cement Co. v. Burbank et al., supra, Thacker, C., speaking for this court said:

"The defendant, as seller, is not bound by a merely oral acceptance of plaintiffs' order for 500 barrels of cement at $1.17 per barrel, nor liable for damages for failure to deliver the same, as such a contract is invalid under section 847, St. Okla. 1890 (section 941, Rev. Laws 1910). * * * The plaintiffs' bill of particulars, demanding $199.50 as, in effect, 'the excess * * * of the value of the property to the buyer over the amount which would have been due to the seller under the contract if it had been fulfilled' (quoting section 2627, St. Okla. 189; section 2860, Rev. Laws 1910) and disclosing that defendant had not directly nor by agent subscribed any note or memorandum of the contract in writing, as required by section 847 (section 941), cited supra, stated no cause of action. See cases cited supra. Although our statute renders such contracts invalid only in the qualified sense stated in Schechinger v. Gault et al., 35 Okla. 416, 130 Pac. 305 (Ann. Cas. 1914D, 468), we think they are so far invalid, as held in Jones v. Pettigrew, 25 S. D. 432, 127 N. W. 538, under a statute in the same form and derived from the same source (the territory of Dakota), that it is unnecessary for defendant to specially plead the statute. Such contracts are not positively illegal in any particular, but are negatively invalid, although only as against one who has not subscribed a note or memorandum thereof in writing, and only to the limited extent that no enforceable demand against him can be predicated thereon in the absence of at least his tacit consent, as by waiver of that point, in the action or of an equitable estoppel to deny liability. And, where there is at least a general denial, as here, the court should, upon a motion therefor, as was made in this case, direct a verdict for the defendant. Such a bill of particulars was subject to demurrer; but, even if there was a failure to demur, this would not constitute a waiver of the invalidating effect of the statute of frauds, as the contract itself is invalid in respect to plaintiffs' demand; and nothing less than the tacit consent of the defendant that it be treated as valid or its estoppel to deny its validity, as by failing both to demur and to deny its alleged valid effect or by some other act or omission implying such consent

or showing such estoppel, could be regarded as precluding it from asserting its invalidity at any time prior to the final submission of the case to the jury. See Jones v. Pettigrew, supra. There is a contrariety of views, however, upon the question of proper defensive pleadings in such cases, as will be seen from an examination of 20 Cyc. 312-314; Owen v. Riddle, 81 N. J. Law, 546, 79 Atl. 886, Ann. Cas. 1912D, 45, with the extensive notes thereto. Further, it will be presumed that defendant's pleadings, being oral, were sufficient to present the question of the validity of the contract under the statute of frauds as a partial and legally necessary explanation of the action of the trial court in submitting to the jury the question as to whether the contract was valid notwithstanding the statute of frauds, upon the ground that the amount involved was under $50, which was contrary to all the evidence, or upon the ground that some note or memorandum of the contract in writing had been signed by the defendant or its agent, of which there was no evidence, although this does not explain why this question was so submitted in the absence of any issue of fact made by the evidence in this regard."

We have also gone to the trouble of obtaining from the clerk's office the original case-made or record in this case, and the same lies before us. We find from it: That the plaintiffs originated this action by filing the following bill of particulars in the justice court, before M. D. Asher, Justice of the Peace, in and for the city of Enid township:

"Comes now C. J. Burbank and C. F. Holmes, plaintiffs in the above entitled cause, and for cause of action against the defendant allege: That on or about the 30th day of October, 1909, the plaintiffs and the defendant entered into an agreement, upon a statement or memorandum in writing, signed by plaintiff, whereby the defendant sold and agreed to deliver to the plaintiffs 500 barrels of cement at the agreed price of $1.17 per barrel. Said cement to be delivered to the plaintiffs, at any time, upon ten days' notice. Plaintiffs state that on or about the 25th day of October, 1909, they gave notice to the defendants, that said cement would be needed, and delivery, at Enid, was demanded on 8th day of November, 1909, as provided for in said agreement. Plaintiffs further state that they repeatedly, and at various times made inquiry about said cement, and that said cement was not delivered within the ten days, after notice given, as aforesaid, and that said cement has never been delivered, according to the agreement, by the defendant to the plaintiffs, at Enid, Okla., to the damage, to the plaintiffs in the sum of $199.50. Wherefore plaintiffs pray judgment against the defendant, in the sum of $199.50, together with the costs of this action."

That this bill of particulars was afterwards, and on the 17th day of February, 1910, filed in the office of the clerk of the county court of Garfield county, Okla. That afterwards said cause came on regularly for trial in said county court, whereupon the following journal entry was entered of record:

"On this 3d day of September, 1910, the same being one of the days of the regular August, 1910, term of this court, the above-entitled action came on to be heard upon the pleadings and the evidence, and, a jury being waived, was submitted to the court, Swigert & Wedgewood appearing for the plaintiffs, and Kruse & Hills for the defendant. After the plaintiff, C. J. Burbank, had been sworn and some testimony elicited from him on part of the plaintiffs, the plaintiffs made application for a continuance, in order to enable them to serve notice upon the defendant to produce in court, that the same might be used in evidence, the order or memoranda in writing, claimed by the plaintiffs to have been delivered to the defendant, for the cement mentioned in plaintiff's bill of particulars, the defendant having objected to the production thereof without notice as required by law, upon request of the plaintiffs, and objected to the introduction of parol evidence to show the contents thereof; and the court, after carefully considering said application, finds that the same ought to be granted, upon condition that the plaintiffs pay all court costs to this date; and, the plaintiffs having agreed to said terms, it is ordered by the court that this action be, and the same hereby is, continued to the next regular term of this court, and it is further ordered that the plaintiffs pay all court costs herein to and including this term of court. To all of which the defendant excepts, and exception is hereby given it.

"By the Court:

"(Signed) James B. Cullison, Judge.

"O. K. Swigert & Wedgewood, Attys. for Plaintiffs. Kruse & Hills, for Deft."

That thereafter, and on January 10, 1911, plaintiffs served upon the defendant notice to produce certain papers as follows:

"The defendant is hereby notified to produce and have the same present that they may be used in evidence upon trial of the above-entitled action, in the county court of Garfield county, Okla., wherein said action is now pending, on the hearing and trial thereof, an order or memoranda, in writing, claimed by the plaintiffs to have been furnished and delivered to the defendant, through Park Cole, its agent at Enid, Okla., for the cement, which is mentioned in the plaintiffs' bill of particulars, and also an order for cement, which was offered and used in evidence on part of the defendant, in the trial of this said action, in justice court of Garfield county, Okla.

"Dated January 10, 1911. Swigert & Wedgewood, Attys. for Plaintiffs.

"We hereby acknowledge service and the receipt of a copy of the above and foregoing

notice, this 10th day of January, 1911, Carl Kruse, Atty. for Defendant."

That afterwards and upon the trial of said cause in said county court on the 28th day of February, 1911, before the court and a jury of six men, the plaintiff, C. J. Burbank, was called to the stand, and testified in behalf of the plaintiffs. Over objections and exceptions, multifarious and multitudinous, he testified that he had given to one Park D. Cole, as agent for defendant company, an order for the cement in question, and that a memorandum in writing was made of said order, and signed by said Cole on behalf of said defendant company, and the same was delivered to said Cole by plaintiff. The price of said cement so purchased exceeded $50. The plaintiffs rested their case with the testimony of this single witness. Whereupon the defendant company interposed the following demurrer to the evidence of plaintiffs:

"At this time the defendant demurs to the evidence introduced by the plaintiff, and asks the court to direct the jury to return a verdict in favor of the defendant and dismiss the plaintiff's cause of action, for the following reasons, to wit:

"First. Because the testimony does not show any cause of action in favor of the plaintiff and against the defendant.

"Second. Because the plaintiff has wholly neglected to establish any contract with the defendant.

"Third. For the reason that in the bill of particulars filed in this case the allegation is that the plaintiff entered into a verbal contract with the defendant and that the testimony shows that no such contract was entered into between the plaintiff and defendant.

"Fourth. For the further reason that plaintiff has wholly failed to show that Park D. Cole, who took the order, was the agent of the defendant, or had any authority from the defendant to represent the defendant as such agent.

"By the Court: For that reason the demurrer will be overruled, and the request for a peremptory instruction will be overruled, and exception noted."

Thereupon the defendant company introduced. J. J. Helfer, who y-clept himself as a "usually recognized salesman" of said defendant company; said he knew one Park D. Cole; said he had a contract with the company for the output of this mill, and that he employed all the salesmen, and that he checked all sales and all shipments, and that everything pertaining to the sales department came through his hands; that at the time this memorandum was signed by the said Park D. Cole, he, the said Cole, was no agent of said company; denied the agency of Cole, and denied that the company was bound by said memorandum of agreement. The defendant rested its case on the testimony alone of this witness, J. J. Helfer. The court then charged the jury in instruction No. 1, as follows:

"Gentlemen of the jury, you are instructed that this is a case wherein C. J. Burbank and C. F. Holmes, partners, plaintiffs, sued the Altoona Portland Cement Company, defendants, upon the following cause of action: That on or about the 30th day of October, 1909, the plaintiffs and the defendant entered into an agreement upon a statement or memoranda in writing signed by plaintiff, whereby the defendant sold and agreed to deliver to the plaintiff 500 barrels of cement at the agreed price of $1.17 per barrel, said cement to be delivered to the plaintiff at any time upon ten days' notice. That plaintiffs further allege that on or about the 25th day of October, 1909, they gave notice to the defendant that said cement would be needed on the 8th day of November, 1909, as provided for in said agreement. Plaintiffs further allege that they repeatedly and at various times made inquiry about said cement from the said defendant, and that said cement was not delivered to the plaintiff within the ten days after notice was given, as aforesaid, and that said cement has never been delivered according to the agreement by the defendant to the plaintiffs at Enid, Okla., and that by reason of said defendant failing to deliver said cement the said plaintiffs have been damaged in the sum of $199.50. To all of which the defendant herein has filed herein its general denial, denying that the said defendant ever entered into any contract of any kind whatever, either directly or indirectly with the plaintiff. Which puts into issue every material allegation in the plaintiff's petition, filed herein and in order for the plaintiff to recover, the burden of proof is upon the plaintiff, and they must prove every material allegation in their petition by a preponderance of the evidence, and unless the plaintiffs so prove the material allegations in their petition by a preponderance of the evidence, your verdict should be for the defendant."

And instruction No. 3, as follows:

"The jury are instructed that under the law of the state of Oklahoma a contract is invalid unless the same or some note or memorandum thereof be in writing and subscribed by the party to be charged, that is, the defendant, or by his agent, where the same is for an agreement for the sale of goods, chattels, or things in action such as is involved in this case at a price not less than $50, and in this connection you are instructed that, if you find from a fair preponderance of the evidence in this case that the amount attempted to be charged against the defendant is more than $50, and that the defendant or

*its* agent did not subscribe a memorandum in writing, your verdict should be for the defendant."

This instruction, the court's instruction No. 3, supra, was clearly prepared and asked by the defendant for the following reasons: The court gave 16 instructions, 1 to 16, inclusive, marked by numerals at the bottom of each. Instruction No. 1 has no number or other notation at the top, and was clearly prepared and given strictly by the court. Instruction numbered 2 at bottom is designated at top with style of court, style of cause, "Instruction No. 4, requested by Plffs.," and begins with, "Gentlemen of the jury." It is marked at bottom, "Given, objected to by Deft., objection overruled, exception noted. Winfield Scott, Co. Judge." The same is true as to instruction 10 as numbered by the court, except it is marked at top, "Instruction No. 3, requested by the plaintiffs." the same is true as to instruction No. 11, as numbered by the court, except it is marked at top, "Instruction No. 2, requested by plaintiff." The same is true as to instruction numbered 12, by the court, except it is marked at top, "Instruction No. 1, requested by plaintiff." Instruction numbered 3 by the court, and marked at bottom, "Given. Winfield Scott, Co. Judge" —is marked at top, "Instruction No. 8." This is true of court's No. 4, except marked at top, "Instruction No. 2." The same is true of court's No. 5, except marked at top, "Instruction No. 7." The same is true of court's No. 6, except marked at top, "Instruction No. 6." The same is true as to court's No. 7, except marked at top, "Instruction No. 5." The same is true as to court's No. 8, except marked at top "Instruction No. 4." The record then shows the exception on the part of the defendant to the court's refusal to give instructions Nos. 1, 9, and 10, asked for by the defendant. Thus it becomes manifest that the plaintiffs asked for four instructions, each of which was given by the court and objected to and excepted to by the defendant, and that the defendant asked for 10 instructions, instructions as numbered by defendant, 2, 3, 4, 5, 6, 7, and 8, being given by the court, with no objections made nor exceptions saved by the plaintiffs, and instructions as numbered by the defendants 1, 9, and 10, refused by the court and excepted to by the defendant. The record does not disclose any exceptions on the part of plaintiffs to the refusal of the court to give any instructions asked for by them. In the instructions asked for by both sides and given by the court the question as to agency and the proof of same, etc., are fully set forth to the jury. The remaining instructions given by the court are general. It, therefore, needs

no comment from us. It doth now most gloriously appear from the face of the record that under his general denial in the trial court the defendant not only raised the two issues of not having made the contract and of the question of the statute of frauds, but that it most strenuously, and with a dogged and stubborn persistence born of despair to win its lawsuit, pounded said question, so raised, upon the attention of the court and jury from alpha to the omega of the cause in the court below.

The case of Feeney v. Howard, supra, is quoted from by counsel for defendant most extensively, heavily underscored very frequently, and largely relied upon for the sustention of the proposition that the defendant can raise the issue of the statute of frauds under a general denial. This case lies before us. We will call upon Hayne, C., to repeat for us his words uttered by him in the statement of this opinion in speaking for the Supreme Court of California, July 1, 1889:

"Michael Feeney, in his lifetime, commenced the present suit in his own name (not as administrator) to have it declared that he was entitled to said balance. On the trial, he introduced in evidence the deeds above mentioned, and then offered parol evidence to prove that they were without consideration, and that the property was conveyed to Howard upon certain trusts, and was to be reconveyed on request. Howard objected on the ground of the statute of frauds. The parol evidence was admitted against such objection, to which Howard excepted, and judgment was given for the plaintiff, from which, and from an order denying a motion for a new trial, the appeal is taken. * * * Unless the case can be brought within some one of the exceptions hereinafter noticed, we think that it is clear that the statute of frauds is a defense to the action, and that the parol evidence was improperly admitted. If a trust could be raised in such a way, what operation could the statute of frauds ever have? The authorities are overwhelming to this effect."

We will next call to the stand, Dickinson, J., who spoke for the Supreme Court of Minnesota, in the case of Louis Fontaine and Another v. H. T. Bush and Another, supra:

"This action is for the recovery of the price (more than $50) of a large quantity of potatoes, alleged to have been sold by the plaintiffs to the defendants at an agreed price. The answer denied the sale. The court, trying the cause without a jury, found in favor of the defendants, upon the ground that the case was within the statute of frauds. The mere oral agreement was void, under the statute, and the denial of the sale in the answer was sufficient to enable the

defendants to avail themselves of that defense. Tatge v. Tatge, 34 Minn. 272, 25 N. W. 596, and 26 N. W. 121. The case justified the finding of the court that there had been no acceptance on the part of the defendants satisfying the requirement of the statute."

We will now call upon Poland, C. J., to tell us again what he said on this question in speaking for the Supreme Court of Vermont in the case of Hotchkiss v. Ladd, supra:

"To the plaintiff's declaration the defendant pleaded the statute of limitations and the statute of frauds, to both which pleas the plaintiff replied, and to these replications Ladd demurred. The defendant Ladd claims, not only that the plaintiff's replications are insufficient, but that the plaintiff's declaration is also defective, so as to be reached by the demurrer. Two objections are made to the declaration: First, that it states no sufficient consideration to support the promise declared on; second, that the promise is within the statute of frauds. Whether either of these objections is well founded or not depends mainly upon the construction to be given to the declaration. It is exceedingly difficult from the declaration to determine the real character of the transaction between the parties, and its allegations are nearly repugnant to each other."

And lastly we will again hear from Chief Justice Potter, when speaking for the Supreme Court of Wyoming in the case of Williams-Haywood Shoe Co. v. Brooks, supra:

"As disclosed by the testimony, plaintiff, a corporation, is engaged in the wholesale boot and shoe business at Omaha, Neb. On or about November 1, 1897, a traveling salesman of the plaintiff visited Sheridan, where the defendant firm conducted a mercantile business, and solicited their order. The salesman testified that Mr. J. H. Ivey went with him to the hotel, examined his samples, and gave him an order for goods, which he, the salesman, put down upon a written statement or memorandum, describing the various items, with the price opposite each item. When the statement or order was offered in evidence, the defendants made the following objection: 'Defendants object to the admission of Exhibit A, for the reason that the contract is within the statute of frauds; that the same is a verbal statement, not signed by the defendants, or either of them, and in no way can bind them, and is void; and for the further reason that it is incompetent, irrelevant, and immaterial.' The total amount of the order was $789.20, and the statement thereof so offered in evidence was not signed by either of the defendants. No other writing or memorandum in writing, showing the order or contract for the sale was produced. In the following April the plaintiff shipped the goods by rail to the defendants, but the latter refused to receive or accept them, and, in fact, did not take the goods from the depot, and never did accept them. Indeed,

upon the trial it was admitted 'that the goods are at the depot, and that the firm of J. H. Ivey & Co. refused to receive them from the depot, and never have received the goods from the station at Sheridan, and have never accepted them, and have paid no part of the purchase price.' The court found that neither Lyman H. Brooks nor Ida Ivey were members of the firm of J. H. Ivey & Co., but that said Brooks had so held himself out as such a member as to be liable to creditors. The court further found, among other things, that the defendants had not received or accepted the goods, nor paid any part of the purchase price thereof; that no written contract of sale or purchase, or note or memorandum thereof, had been made 'or executed by the defendants, or either of them. Thereupon the law was found .to be with the defendants, and judgment was rendered accordingly, and against the plaintiff for costs. A motion for new trial having been filed, it came on for argument, at which time, at the request of defendants, they were permitted to amend their answer by adding thereto the defense of the statute of frauds in accordance with the facts proved, which was thereupon done, and the motion for new trial overruled. An exception was duly preserved to the ruling, permitting the answer to be amended, and to the overruling of the motion for new trial."

This sufficeth to show that this question was directly brought to the attention of the trial court in these cases.

This court has laid down the same principle a number of times, and that is that this court will not pass upon questions not raised or presented in the trial court. One of the earliest decisions on this point is the case of Healy v. Loofbourrow, 2 Okla. 458, 37 Pac. 823, wherein it was held as follows:

"As a general rule, the Supreme Court of this territory will not consider for the first time on appeal questions not presented in the cause in the court below."

Later in the case of McDonald v. Carpenter, 11 Okla. 115, 65 Pac. 942, the territorial Supreme Court held:

"The points now contended for in the brief were not raised upon motion for a new trial, nor presented to the trial court for review at all. And the defendant in error was entitled upon these grounds, to have the cause dismissed."

In the case of Baker v. Marcum, 22 Okla. 21, 97 Pac. 572, this court held:

"This court will not consider questions that do not go to the jurisdiction of the trial court that are raised for the first time in this court."

One of the latest expressions of this court on this question is found in the case of Tirey

.. Darneal, 37 Okla. 611, 132 Pac. 1087, wherein the court held:

"In order to properly present a question to the Supreme Court for review, the record must affirmatively show that the alleged error complained of was presented to the trial court, and either ignored or decided adversely to the complaining party, and, unless it is thus presented to the trial court, and an opportunity there given to pass upon it, the same will not be considered by this court on appeal."

This court has repeatedly held that where a defendant relies upon a certain defense in the trial court, he will not be permitted on appeal to shift his position and present a defense that was not presented in the trial court. The latest expression of this court on this question that we have found is contained in the case of Bouton v. Carson, 51 Okla. 579, 152 Pac. 131, wherein this court held:

"A party cannot try his case in the trial court on one theory and then ask a reversal of judgment in this court on a theory not presented to the trial court or raised by the pleadings."

In the case of Wattenbarger v. Hall, 26 Okla. 815, 110 Pac. 911, this court said:

"The right of the plaintiff in error to recover was properly submitted on this theory, to the jury; and, the jury having found against him thereon, he will not be permitted to change from it in this court, amend his hold, and claim his right to recover on some other theory."

A similar expression is found in the case of Duffey v. Scientific American Comp. Dept., 30 Okla. 742, 120 Pac. 1088, as follows:

"Where defendant relies upon a certain defense in the trial court, he will not be permitted to shift his ground of defense on appeal, so as to present another defense, not presented nor relied upon, in the trial court."

In the following cases the court upheld this same rule: Harris v. First State Bank, 21 Okla. 189, 95 Pac. 781; Smith v. Colson, 31 Okla. 703, 123 Pac. 149; Hamilton v. Brown, 31 Okla. 213, 120 Pac. 950; Herbert v. Wagg, 27 Okla. 674, 117 Pac. 209; St. L. & S. F. R. Co. v. Key, 28 Okla. 769, 115 Pac. 875; Myers v. First Pres. Ch., 11 Okla. 544, 69 Pac. 874; Shuler v. Collins, 40 Okla. 126, 136 Pac. 752; Turley v. Freebeck, 38 Okla. 257, 132 Pac. 889; Rhone Milling Co. v. F. & M. Nat. Bank, 40 Okla. 131, 136 Pac. 1095; Horne v. Okla. State Bank, 42 Okla. 37, 139 Pac. 992; Coombs v. Cook, 35 Okla. 326, 129 Pac. 698; C., R. I. & P. R. Co. v. McBee, 45 Okla. 192, 145 Pac. 331; Watson v. Taylor, 35 Okla. 768, 131 Pac. 922; Wallace v. Killian, 40 Okla. 631, 140 Pac. 162.

For the reasons herein stated, it becomes and is manifest to us that the judgment of the lower court should be, in all things, affirmed. Judgment affirmed.

By the Court: It is so ordered.